COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
LOWELL D. MEAD (223989)
(lmead@cooley.com)
BENJAMIN S. LIN (232735)
(blin@cooley.com)
MARK A. ZAMBARDA (314808)
(mzambarda@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. CAPLAN (260388)
(mcaplan@cooley.com)
101 California Street
San Francisco, CA  94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Plaintiff
FACEBOOK, INC.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
James R. Asperger (Bar No. 83188)
jamesasperger@quinnemanuel.com
Yury Kapgan (Bar No. 218366)
yurykapgan@quinnemanuel.com
Ian S. Shelton (Bar No. 264863)
ianshelton@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
Pushkal Mishra (Bar No. 298695)
pushkalmishra@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jordan R. Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendants and Counterclaimants
BlackBerry Limited and BlackBerry Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>    Plaintiff and Counter-Defendant,<br><br>    v.<br><br>BLACKBERRY LIMITED, a Canadian corporation, and BLACKBERRY CORPORATION, a Delaware corporation,<br><br>    Defendants and Counterclaimants. | Case No.  4:18-cv-05434-JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT UNDER FED. R. CIV. P. 26(F)** |

Plaintiff Facebook, Inc. ("Facebook") and Defendants BlackBerry Limited and BlackBerry Corporation (collectively, "BlackBerry") jointly submit this Joint Case Management Statement pursuant to Civil Local Rule 16-9. A conference was held between Facebook and BlackBerry (collectively, "Parties") on November 19, 2018, by and through their attorneys. This Joint Case Management Statement complies with and addresses the issues identified in the Standing Order for All Judges of the Northern District of California.

**1. Jurisdiction And Service**

The Parties agree that the Court has subject matter jurisdiction over Facebook's claims pursuant to 28 U.S.C. §§ 1331 and 1338, and over BlackBerry's counterclaims pursuant to 28 U.S.C. §§ 2201 and 2202. There are no issues regarding personal jurisdiction or venue, and no parties remain to be served.

**2. Facts**

The inclusion of these summaries in this Joint Case Management Statement should not be construed as an admission or adoption by any party of any factual or legal contention alleged by the other party.

Facebook's Statement

Facebook is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business in Menlo Park, California. On September 4, 2018, Facebook filed this action against BlackBerry in this District. Facebook alleges that BlackBerry has infringed U.S. Patent Nos. 8,429,231 ("the '231 patent"), 7,567,575 ("the '575 patent"), 6,345,841 ("the '841 patent"), 7,228,432 ("the '432 patent"), 6,744,759 ("the '759 patent"), and 7,302,698 ("the '698 patent") (collectively, "the Patents-in-Suit"). Facebook seeks relief including damages no less than a reasonable royalty.

BlackBerry's Statement

BlackBerry Limited is a corporation organized and existing under the laws of Canada, having its principal place of business at 2200 University Avenue East, Waterloo, Ontario, Canada N2K 0A7. BlackBerry Corp. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3001 Bishop Drive, Suite 400, San Ramon, California, 94583.

On November 12, 2018, BlackBerry filed its Answer to Facebook's Complaint: (1) denying the allegation that BlackBerry infringed the Patents-in-Suit; (2) asserting affirmative defenses against Facebook's claims; and (3) alleging counterclaims of non-infringement and invalidity of the Patents-in-Suit and requesting relief including an entry of judgment that Facebook's claims be dismissed with prejudice.

**3. Legal Issues**

The Parties have identified the following principal factual and legal issues in dispute, without limitation as to other potential disputes:

- Whether BlackBerry is liable for infringement of the Patents-in-Suit under 35 U.S.C. § 271.
- Whether the asserted claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, and 112.
- Construction of any disputed patent claim terms.
- The amount of relief due to either party, including monetary relief under 35 U.S.C. §§ 283, 284 and/or 285.

**4. Motions**

None.

**5. Amendment of Pleadings**

The Parties propose, subject to approval of the Court, setting a deadline for seeking leave to amend pleadings after claim construction as part of the Court's Post-Claim Construction Joint Case Management Status Report and case scheduling procedures.

**6. Evidence Preservation**

Counsel for the Parties have advised their respective clients to refrain from any document destruction and to cease any document destruction program of any electronic or hard copy materials.

The Parties certify that they have reviewed the Guidelines Relating to Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in this action, including the guidance specified in ESI Guidelines 2.01 and 2.02 and the Checklist for ESI Meet and Confer.

As a general matter, the Parties have undertaken steps, within reasonable bounds, to preserve documents and ESI potentially relevant to this case. These steps include, but are not limited to, putting in place a litigation hold for both hardcopy documents and electronically stored information.

**7. Disclosures**

Pursuant to a joint stipulation filed with the Court on November 30, 2018, the Parties have agreed to serve their respective initial disclosures under Fed. R. Civ. P. 26(a)(1)(A) on January 8, 2019 rather than the default deadline of Fed. R. Civ. P. 26(a)(1)(C).

**8. Discovery**

  **A.** **Discovery Taken to Date**

Facebook served its first set of requests for production of documents on BlackBerry by mail on October 10, 2018.

BlackBerry served its first set of requests for production of documents on Facebook by e-mail and U.S. mail on November 19, 2018.

  **B.** **Scope of Anticipated Discovery**

**Facebook's Statement:**

Facebook anticipates that discovery will include: (1) technical discovery related to BlackBerry's accused products; (2) financial, sales, and marketing discovery relating to BlackBerry's accused products; and (3) additional discovery relevant to Facebook's claims for infringement and damages.

**BlackBerry's Statement:**

BlackBerry anticipates that discovery will include discovery related to the Patents-in-Suit, including claimed inventions, priority dates, prosecution histories, relevant prior art, inventorship, ownership, sale, licensing, revenue, enforceability, and other matters relevant and proportional to the needs of BlackBerry's counterclaims of non-infringement and invalidity. BlackBerry also anticipates discovery of "a non-binding, good-faith estimate of the damages range expected for the case along with an explanation for the estimates" pursuant to Patent Local Rule 2-1(b)(5), and an identification of damages contentions under Patent Local Rule 3.8. *See Twilio, Inc. v. Telesign Corp.*, No. 16-2925, Docket No. 152 (N.D. Cal. Nov. 17, 2017).

**C.      Proposed Limitations or Modification of the Discovery Rules**

    i.  **Service**: The Parties agree that, to the extent possible in light of the volume of the submission, all court filings, to the extent not served through ECF (namely, filings under seal), will be served on the other party by email, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E). Moreover, the Parties agree that each party may serve discovery, in lieu of other service methods, by email under the Fed. R. Civ. P. 5(b)(2)(E).

    ii.  **Electronic Discovery:** The Parties are in the process of meeting and conferring regarding the procedures to be used and the format in which Electronically Stored Information ("ESI"), including any requested email, is to be produced. The Parties are in the process of negotiating the terms of a stipulated order governing the production of electronically stored information.

    iii.  **Privilege Logs:** The Parties agree to negotiate the potential scope and content of the Parties' respective privilege logs, if any, at an appropriate phase of discovery.

    iv.  **Protective Order:** The Parties are in the process of negotiating the terms of a stipulated protective order. In the meantime, Patent L.R. 2-2 Interim Model Protective Order will govern the production of confidential information.

    v.  **Requests for Admission, Requests for Production of Documents and Things, and Depositions:**

     1.  The Parties agree that each Party may propound 25 requests for admission, except for requests directed to the authenticity of documents.

     2.  The Parties agree that emails need not be produced in response to a request for production of documents served pursuant to Federal Rule of Civil Procedure 34. The Parties agree that any email discovery will be conducted as part of the ESI discovery procedures that the Parties are negotiating.

     3.  The Parties agree that each Party may take no more than 120 hours of depositions of the other Party's party fact witnesses, including Rule 30(b)(1) and Rule 30(b)(6) witnesses. The Parties do not impose a limit on depositions of non-

party witnesses. The parties agree to discuss any proposed limits regarding expert witness depositions as part of the Court's Post-Claim Construction Joint Case Management Status Report and case scheduling procedures.

    vi.    **Federal Rule of Evidence 502 Agreement:**

1. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

2. The Parties agree to enter in the following agreement pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions herein, if a party (the "Producing Party") discloses information in connection with the pending litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject

matter.

3. A Producing Party must notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon receipt of notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such documents or other information, and shall provide a certification that it will cease further review, dissemination, and use of the Protected Information. The Receiving Party's reasonable steps shall not require the return or destruction of Protected Information that is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Information, but such retained information shall continue to be treated in accordance with the Order.

4. This Order shall be interpreted to provide the maximum protection allowed to the Producing Party by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order. However, if for any reason, a Court finds that this provision is inapplicable to Protected Information, then Rule 502(b) will apply in its absence.

## 9. Class Actions

Not applicable.

## 10. Related Cases

There are no cases related to this proceeding before any other court or administrative body.

## 11. Relief

The parties do not seek to modify the disclosure requirements of Patent Local Rule 2-1(b)(5) or Patent Local Rules 3-8 and 3-9 related to damages.

**Facebook's Statement:**

Facebook seeks the relief requested in its prayers for relief in its Complaint (Dkt. No. 1). In addition, Facebook states that Title 35 of the United States Code, section 284 provides: "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for use made of the invention by the infringer, together with interest and costs as fixed by the court." Facebook intends to seek pre-judgment and post-judgment interest and costs as fixed by the Court.

**Patent Local Rule 2-1(b)(5) disclosure**. The reasonable royalty analysis that Facebook intends to pursue is guided by a range of factors as set forth in *Georgia Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Pursuant to Patent Local Rule 2-1(b)(5) and the Court's Standing Order For All Judges, Facebook states that it is presently unable to provide an estimate of the damages range expected for this case. The computation of damages will likely depend on numerous factors that will be the subject of fact and expert discovery, including but not limited to discovery of non-public information maintained by BlackBerry relating to its accused products. For example, Facebook expects that discovery may be provided and related analysis may be performed of non-public information such as:

- Revenue and financial information relating to the BlackBerry products, services, and features accused of infringement;
- Pricing and sales information relating to the BlackBerry products, services, and features accused of infringement;
- Any relevant intellectual property agreements that BlackBerry may have entered into and their comparability to the hypothetical negotiation;
- Market research, analyses, projections, and forecasts relating to the BlackBerry products, services, and features accused of infringement;
- Usage data, metrics, research, analyses, surveys, and other information regarding usage of the BlackBerry products, services, and features accused of infringement by BlackBerry's customers and end-users.

Pursuant to Patent Local Rule 2-1(b)(5), Facebook further states that it expects to be in a

position to provide an estimate of the damages range and accompanying explanation after sufficient discovery has been completed in this action, which will depend in part upon BlackBerry's willingness to provide timely and fulsome discovery of relevant non-public documents and information.

**BlackBerry's Statement:**

BlackBerry seeks the relief requested in its prayers for relief in its Answer (Docket No. 19). Relatedly, BlackBerry contends that it does not infringe the Asserted Patents, that the asserted claims are invalid, and that it has no liability to Facebook. On that basis, BlackBerry asserts that Facebook is entitled to no damages. Additional factors supporting BlackBerry's contention include the limited scope of the claimed inventions and that any differences between the Asserted Patents and the prior art (if any) are trivial. To the extent Facebook is due any damages for the alleged infringement, additional discovery is necessary for BlackBerry to provide a more specific expected damages range, including Facebook's service of infringement and damages contentions, discovery from Facebook concerning its licensing policies and practices (if any), and Facebook's production of agreements concerning the license or transfer of any rights in the Asserted Patents (including the financial terms of which those rights were conveyed). BlackBerry intends to offer expert testimony on damages at the appropriate time. Among other things, BlackBerry reserves the right to seek an award of costs, expenses, and/or reasonable attorneys' fees in connection with this action should this prove to be an exceptional case, as well as any other award that the Court deems just and proper. To that end, BlackBerry will seek timely compliance with Facebook's obligations under Patent Local Rule 3.8 pursuant to the agreed schedule set forth in Section 17 below. *See Twilio, Inc. v. Telesign Corp.*, No. 16-2925, Docket No. 152 (N.D. Cal. Nov. 17, 2017).

**12. Settlement and ADR**

The Parties have complied with ADR L.R. 3-5.

**13. Consent to Magistrate Judge For All Purposes**

The Parties do not consent to proceed before a Magistrate Judge for all purposes.

**14. Other References**

The Parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

It is premature for the Parties to determine which material facts or legal issues in this case will be resolved by stipulation, if any.

**16. Expedited Trial Procedure**

The Parties do not believe this case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

The Parties propose the following schedule:

| Event | Date |
|---|---|
| Case Management Conference | **Friday, December 14, 2018** |
| Deadline for BlackBerry to amend its Answer as a matter of course | January 8, 2019[1] |
| Rule 26(a)(1) Initial Disclosures | January 8, 2019 |
| Disclosure of Asserted Claims and Infringement Contentions by Plaintiff (Patent L.R. 3-1 & 3-2). | [14 days after the Initial Case Management Conference + 14 days for holidays]<br><br>January 8, 2019 |
| Invalidity Contentions by Defendants (Patent L.R. 3-3 and 3-4). | [45 days after service of Infringement Contentions]<br><br>February 25, 2019 |
| Exchange of Proposed Terms for Claim Construction (Patent L.R. 4-1) | [14 days after service of Invalidity Contentions]<br><br>March 11, 2019 |
| Exchange of Preliminary Constructions and Extrinsic Evidence (Patent L.R. 4-2). | [21 days after exchange of claim terms]<br><br>April 1, 2019 |
| Plaintiff's Damages Contentions (Patent L.R. 3-8). | [50 days after service of Invalidity Contentions]<br><br>April 16, 2019 |
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3). | [60 days after service of Invalidity Contentions]<br><br>April 24, 2019 |
| Responsive Damages Contentions (Patent L.R. 3-9) | [30 days after service of Damages Contentions] |

---

[1] Pursuant to a joint stipulation filed with the Court on November 30, 2018, the Parties have agreed to extend the deadline for BlackBerry to amend its answer as a matter of course until January 8, 2019.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10.

JOINT CASE MANAGEMENT STATEMENT
4:18-CV-5434-JSW

| Event | Date |
|---|---|
| | May 16, 2019 |
| Completion of Claim Construction Discovery (Patent L.R. 4-4). | [30 days after joint claim construction statement]<br><br>May 27, 2019 |
| Opening Claim Construction Brief by Plaintiff (Patent L.R. 4-5(a)) | [45 days after joint claim construction statement]<br><br>[June 10, 2019] |
| Responsive Claim Construction Brief by Defendant (Patent L.R. 4-5(b)). | [21 days after opening claim construction brief]<br><br>July 1, 2019 |
| Reply Claim Construction Brief By Plaintiff (Patent L.R. 4-5(c)). | [14 days after responsive claim construction brief]<br><br>July 15, 2019 |
| Tutorial & Claim Construction Hearing (L.R. 4-6; Standing Order for Patent Cases, at 3). | At the Court's convenience |

**18. Trial**

The Parties request a trial by jury. The Parties jointly expect that the case can be tried in approximately seven days.

**19. Disclosure of Non-party Interested Entities or Persons**

The Parties have filed their Certifications of Interested Entities or Persons.

**20. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Patent Local Rule 2-1(b) Proposals**

In accordance with P.L.R. 2-1(b), the Parties have addressed the following topics:

a. The Parties' positions on scheduling of deadlines in the Patent Local Rules are discussed above.

b. At this time, the Parties do not anticipate any claim construction discovery beyond that contemplated by the Patent Local Rules.

c. The Parties currently do not anticipate live testimony at the claim construction hearing, but should that change, the Party seeking to present live testimony will follow the Court's Standing Order for Patent Cases.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

11.

JOINT CASE MANAGEMENT STATEMENT
4:18-CV-5434-JSW

   d.  The Parties anticipate submitting technology tutorials and will follow the Court's Standing Order for Patent Cases.

   e.  Facebook anticipates providing a good-faith estimate of damages after obtaining sufficient discovery in this action. As described in Section 11 above, BlackBerry contends that it does not infringe the Asserted Patents, that the asserted claims are invalid, and that it has no liability to Facebook. On that basis, BlackBerry asserts that Facebook is entitled to no damages. BlackBerry reserves the right to seek an award of costs, expenses, and/or reasonable attorneys' fees in connection with this action should this prove to be an exceptional case, as well as any other award that the Court deems just and proper.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12.

JOINT CASE MANAGEMENT STATEMENT
4:18-CV-5434-JSW

Dated: December 7, 2018					COOLEY LLP


							/s/ *Heidi L. Keefe*
							_____

							HEIDI L. KEEFE (178960)
							(hkeefe@cooley.com)
							MARK R. WEINSTEIN (193043)
							(mweinstein@cooley.com)
							MATTHEW J. BRIGHAM (191428)
							(mbrigham@cooley.com)
							LOWELL D. MEAD (223989)
							(lmead@cooley.com)
							BENJAMIN S. LIN (232735)
							(blin@cooley.com)
							MARK A. ZAMBARDA (314808)
							(mzambarda@cooley.com)
							3175 Hanover Street
							Palo Alto, CA  94304-1130
							Telephone:   (650) 843-5000
							Facsimile:     (650) 849-7400

							COOLEY LLP
							MICHAEL G. RHODES (116127)
							(rhodesmg@cooley.com)
							MATTHEW D. CAPLAN (260388)
							(mcaplan@cooley.com)
							101 California Street
							San Francisco, CA  94111-5800
							Telephone:   (415) 693-2000
							Facsimile:     (415) 693-2222


							Attorneys for Plaintiff
							FACEBOOK, INC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13.

JOINT CASE MANAGEMENT STATEMENT
4:18-CV-5434-JSW

| | | |
|---|---|---|
| 1 | Dated:  December 7, 2018 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | */s/ James R. Asperger* |
| 4 | | James R. Asperger (Bar No. 83188) |
| | | jamesasperger@quinnemanuel.com |
| 5 | | Yury Kapgan (Bar No. 218366) |
| | | yurykapgan@quinnemanuel.com |
| 6 | | Ian S. Shelton (Bar No. 264863) |
| | | ianshelton@quinnemanuel.com |
| 7 | | 865 S. Figueroa Street, 10th Floor |
| 8 | | Los Angeles, CA 90017 |
| | | Telephone: (213) 443-3000 |
| 9 | | Facsimile: (213) 443-3100 |
| 10 | | Kevin P.B. Johnson (Bar No. 177129) |
| | | kevinjohnson@quinnemanuel.com |
| 11 | | Victoria F. Maroulis (Bar No. 202603) |
| 12 | | victoriamaroulis@quinnemanuel.com |
| | | Pushkal Mishra (Bar No. 298695) |
| 13 | | pushkalmishra@quinnemanuel.com |
| | | 555 Twin Dolphin Drive, 5th Floor |
| 14 | | Redwood Shores, CA 94065 |
| 15 | | Telephone: (650) 801-5000 |
| | | Facsimile: (650) 801-5100 |
| 16 | | |
| 17 | | Jordan R. Jaffe (Bar No. 254886) |
| | | jordanjaffe@quinnemanuel.com |
| 18 | | 50 California Street, 22nd Floor |
| | | San Francisco, CA 94111 |
| 19 | | Telephone: (415) 875-6600 |
| | | Facsimile: (415) 875-6700 |
| 20 | | |
| 21 | | *Attorneys for Defendants and Counterclaimants* |
| | | BlackBerry Limited and BlackBerry Corporation |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

14.

JOINT CASE MANAGEMENT STATEMENT
4:18-CV-5434-JSW

## **FILER'S ATTESTATION**

I, Heidi L. Keefe, am the ECF user whose ID and password were used to file this Joint Rule 26(f) Report.  Pursuant to L.R. 5-4.3.4.(a)(2), I hereby attest that counsel for Defendants concurred in the filing of this document.

Executed on December 7, 2018 at Palo Alto, California.

*/s/ Heidi L. Keefe*
Heidi L. Keefe

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

15.

JOINT CASE MANAGEMENT STATEMENT
4:18-CV-5434-JSW