COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
LOWELL D. MEAD (223989)
(lmead@cooley.com)
BENJAMIN S. LIN (232735)
(blin@cooley.com)
MARK A. ZAMBARDA (314808)
(mzambarda@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. CAPLAN (260388)
(mcaplan@cooley.com)
101 California Street
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BLACKBERRY LIMITED, a Canadian corporation, and BLACKBERRY CORPORATION, a Delaware corporation,<br><br>　　　　　　　　Defendants. | Case No. 4:18-cv-05434-JSW<br><br>**FACEBOOK, INC.'S MOTION TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Hearing Date: September 6, 2019<br>Time: 9:00 a.m.<br>Courtroom: 5, 2nd Floor<br>Before: The Honorable Jeffrey S. White |

REDACTED/PUBLIC VERSION OF DOCUMENT SOUGHT TO BE SEALED

**TABLE OF CONTENTS**

Page

I. SUMMARY OF ARGUMENT ................................................................................................ 1

II. FACTUAL BACKGROUND .................................................................................................. 2

    A. Facebook Diligently Supplemented Its Infringement Contentions by the Date BlackBerry Requested. ................................................................................................. 2

    B. BlackBerry Objects to a Few Specific Portions of Facebook's Supplement. ............... 3

III. LEGAL STANDARD ............................................................................................................. 3

IV. FACEBOOK HAS GOOD CAUSE TO SUPPLEMENT ITS INFRINGEMENT CONTENTIONS WHICH ARE BASED ON NEWLY PRODUCED CONFIDENTIAL DISCOVERY FROM BLACKBERRY. ......................................................... 3

    A. Facebook Diligently Supplemented Its Contentions Based On Confidential Technical Discovery By the Date BlackBerry Requested. ........................................... 3

    B. BlackBerry Has Not Objected to Most of Facebook's Supplementation. .................... 4

    C. Facebook Has Good Cause To Supplement For Each Item Where BlackBerry Objected. ........................................................................................................................ 5

        1. Facebook has good cause to supplement on the '432 Patent. ................................ 5

        2. Facebook has good cause to supplement on the '698 Patent. ................................ 8

        3. Facebook has good cause to supplement on the '231 Patent. .............................. 10

        4. Facebook has good cause to supplement on the '575 Patent. .............................. 12

    D. Blackberry Will Not be Unduly Prejudiced by the Proposed Amendment ............... 14

V. CONCLUSION ...................................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
  No. 12-cv-00630-PSG, 2013 WL 3246094 (N.D. Cal. June 26, 2013) ..........................................4

*DCG Sys. v. Checkpoint Techs, LLC*,
  No. C 11-03792 PSG, 2012 WL 1309161 (N.D. Cal. Apr. 16, 2012)..............................4, 7, 8, 12

*Delphix Corp. v. Actifio, Inc.*,
  No. 13-CV-04613 BLF (HRL), 2015 WL 5693722 (N.D. Cal. Sept. 21, 2015) ................... *passim*

*Procon GPS, Inc. v. Skypatrol, LLC*,
  No. C 11-3975 SI, 2013 WL 1788049 (N.D. Cal. Apr. 26, 2013)....................................4, 7, 8, 11

*Radware, Ltd. v. A10 Networks, Inc.*,
  Case Nos. C13-02021, -02024 RMW (HRL), 2014 WL 1350230 (N.D. Cal. Apr.
  4, 2014) .................................................................................................................12, 14, 15

*Word to Info Inc. v. Google Inc.*,
  No. 15-cv-03486-WHO, 2016 WL 3648605 (N.D. Cal. July 8, 2016) ...............................4, 12, 14

**Other Authorities**

Local Rule 3-6................................................................................................................................1

PLR 3-4(a) ......................................................................................................................................2

PLR 3-6.........................................................................................................................................14

PLR 3-6(c) ......................................................................................................................................3

PLR 3-6. PLR 3-6 ...........................................................................................................................3

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on September 6, 2019 at 9:00 a.m., in Courtroom 5, 2nd Floor, Oakland Division, United States District Court for the Northern District of California before the Honorable Jeffrey S. White, Plaintiff Facebook, Inc. ("Facebook") will and hereby does move the Court an order for leave to amend its Infringement Contentions pursuant to Patent Local Rule 3-6.

This motion is based on the following Memorandum of Points and Authorities, the pleadings on file, matters of which the Court may take judicial notice, and upon such other and further argument and evidence as the Court may permit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     SUMMARY OF ARGUMENT**

Facebook seeks to amend its infringement contentions to account for confidential discovery recently produced by the BlackBerry defendants (collectively "BlackBerry"). The technical details of BlackBerry's accused products are hidden in proprietary, non-public software programming and back-end systems. After receiving access to BlackBerry's highly confidential source code and technical documents, Facebook diligently prepared supplemental contentions that it served on BlackBerry on June 18, 2019, the date by which BlackBerry requested that Facebook provide its supplementation. Facebook's diligent reliance on confidential technical discovery to serve timely supplementation is a classic instance of "good cause" for leave to amend contentions under Patent Local Rule 3-6.

BlackBerry has not argued that Facebook's review and supplementation was not diligent, and does not object to most of Facebook's supplementation. However, it argues that a few portions of the supplement involve publicly available information that Facebook should have known prior to Facebook's original contentions served in January 2019. This is incorrect. Facebook's supplementation relies exclusively on highly confidential discovery that Facebook could not have previously known. BlackBerry also quibbles that a few parts of the supplement are not sufficiently detailed, but the supplements amply provide more detail than required by the Patent Local Rules. The Court should therefore grant this motion for leave to amend in its entirety.

## II.  FACTUAL BACKGROUND

### A.  Facebook Diligently Supplemented Its Infringement Contentions by the Date BlackBerry Requested.

On January 8, 2019 Facebook served its initial Infringement Contentions asserting six patents-in-suit against six different BlackBerry products and systems. The contentions were based on publicly available information because BlackBerry had not yet produced any discovery.

BlackBerry served its PLR 3-4(a) technical document production on February 26, 2019. The production included a partial production of source code, but omitted non-code technical documents describing the structure, operation, and architecture of the accused products and systems. (Ex. A[1].) Facebook requested the missing technical documents in order to investigate and learn about the inner workings of the accused functionalities; this information was necessary to allow Facebook to finalize and supplement its infringement contentions. (*Id.*)

On March 12, 2019, BlackBerry sent correspondence admitting that it had produced only "several technical documents" to date. (Ex. B.) After repeated inquiries from Facebook, BlackBerry committed to produce additional technical documents. (Ex. C, Ex. D.)

On April 17, 2019, BlackBerry sent correspondence that raised, for the first time, certain alleged deficiencies in Facebook's infringement contentions served on January 8, 2019. (Ex. E.) BlackBerry requested that Facebook supplement its infringement contentions to address these alleged deficiencies. (*Id.*).

On April 23, 2019, Facebook agreed to BlackBerry's request to provide supplemental infringement contentions within a reasonable time period after BlackBerry completed its supplementation of technical document production and source code. (Ex. F.)

On the evening of Friday, May 24, 2019, BlackBerry made a supplemental technical document production totaling more than 5,000 documents and notified Facebook that additional source code was available for inspection. (*See* Ex. G.) BlackBerry produced an additional 1,640 more pages of technical documents on May 29, 2019. (*Id.*)

On June 12, 2019, BlackBerry sent further correspondence requesting that Facebook provide

---

[1] All cited exhibits are attached to the Declaration of Benjamin Lin.

1  its supplemental infringement contentions by June 18, 2019.  (Ex. H.)

2  As requested by BlackBerry, Facebook provided its proposed supplemental infringement contentions disclosures on June 18, 2019, including a detailed claim chart for each of the six patents-in-suit.  (Exs. I–N.)  These are the supplemental contentions for which Facebook seeks leave by the present motion.  For convenient reference, in the copies of the supplemental claim charts submitted herewith as Exhibits I–N, a green box annotation has been added around the supplemental content while the remaining content was maintained from Facebook's original contentions.

### B. BlackBerry Objects to a Few Specific Portions of Facebook's Supplement.

On July 12, 2019, BlackBerry sent a letter to Facebook that set forth BlackBerry's objections to certain aspects of Facebook's proposed supplemental contentions.  (Ex. O.)  BlackBerry did not object to any of the supplements related to U.S. Patent Nos. 6,356,841 and 6,744,759.  BlackBerry also did not object to most of the supplementation to the other four patents (U.S. Patent Nos. 7,302,698 (the "'698 Patent"), 7,567,575 (the "'575 Patent"), 7,228,432 (the "'432 Patent"), and 8,429,231 (the "'231 Patent").  For those four patents, BlackBerry raised certain objections to portions of the supplementation, which are discussed further below.  The parties met and conferred and reached impasse, with BlackBerry maintaining its objections, resulting in the present opposed motion.

## III.  LEGAL STANDARD

Amendment of infringement contentions "may be made only by order of the Court upon timely showing of good cause."  PLR 3-6.  PLR 3-6 further provides a non-exhaustive list of "circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause," including the "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."  PLR 3-6(c).

## IV.  FACEBOOK HAS GOOD CAUSE TO SUPPLEMENT ITS INFRINGEMENT CONTENTIONS WHICH ARE BASED ON NEWLY PRODUCED CONFIDENTIAL DISCOVERY FROM BLACKBERRY.

### A. Facebook Diligently Supplemented Its Contentions Based On Confidential Technical Discovery By the Date BlackBerry Requested.

There is no dispute that Facebook acted with diligence and timeliness in reviewing BlackBerry's technical document production and serving supplemental contentions.  Facebook

diligently provided its supplemental contentions for all six patents-in-suit by the date that BlackBerry requested them (June 18, 2019), which was only three weeks after Facebook received BlackBerry's confidential technical document production of more than 5,000 documents. The courts of this district commonly find good cause to amend infringement contentions in similar circumstances. *DCG Sys. v. Checkpoint Techs, LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *3 (N.D. Cal. Apr. 16, 2012) (granting plaintiff's motion for leave to amend its infringement contentions where "the manuals giving rise to the proposed amendment were not publicly available and plaintiff tendered its proposed amendments a few weeks after it received them."); *Procon GPS, Inc. v. Skypatrol, LLC*, No. C 11-3975 SI, 2013 WL 1788049, at *1 (N.D. Cal. Apr. 26, 2013) (granting plaintiff's motion for leave to amend its infringement contentions to add additional detail based on confidential discovery recently produced by the defendant). In short, Facebook's supplementation is supported by good cause because it is "based on recently discovered information that is not publicly available." *Delphix Corp. v. Actifio, Inc.*, No. 13-CV-04613 BLF (HRL), 2015 WL 5693722, at *4 (N.D. Cal. Sept. 21, 2015).

Facebook's supplementation to include additional features and functionalities revealed by the confidential discovery is entirely proper. New infringement theories may be disclosed in amended infringement contentions where, as here, "the new theory is based on information that was not previously disclosed." *Delphix*, 2015 WL 5693722, at *4. It is also proper to include multiple alternative theories. *Word to Info Inc. v. Google Inc.*, No. 15-cv-03486-WHO, 2016 WL 3648605, at *5 (N.D. Cal. July 8, 2016) ("[p]arties should include in their infringement contentions 'all of the theories of infringement that they in good faith believe they can assert.'") (quoting *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630-PSG, 2013 WL 3246094, at *3 (N.D. Cal. June 26, 2013)).

**B.  BlackBerry Has Not Objected to Most of Facebook's Supplementation.**

BlackBerry does not appear to dispute that Facebook has good cause for most of its supplementation. BlackBerry has not objected to the supplements regarding U.S. Patent Nos. 6,356,841 and 6,744,759, and has not objected to most of the supplementation regarding the other four patents. The only objections BlackBerry has made are explicitly identified in Section IV.C, *infra*. Thus, as an initial matter, the Court should grant leave to amend as to all of the portions of the supplementation to which no objection has been raised.

### C. Facebook Has Good Cause To Supplement For Each Item Where BlackBerry Objected.

For the handful of discrete items in Facebook's supplementation to which BlackBerry objected, which are specifically identified below, ample good cause supports Facebook's supplementation based on the confidential technical discovery produced by BlackBerry. None of BlackBerry's objections presents any reason to deny the amendment. Facebook addresses each objection in turn.

#### 1. Facebook has good cause to supplement on the '432 Patent.

Facebook accuses BlackBerry's Workspaces product and system of infringing claim 1 of the '432 patent and several dependent claims. Generally, Workspaces is an online file sharing and content collaboration tool that BlackBerry hosts in a cloud-based solution.[2]

Regarding Facebook's supplemental contentions, BlackBerry objects to the identification of the Workspaces Digital Rights Management ("WDRM") server as satisfying the "dedicated security processor" limitations of claim 1 of the '432 patent. For reference, BlackBerry's objection as stated in its July 12, 2019 letter is reproduced below in its entirety:

> Facebook identified for the first time in its proposed supplemental infringement contentions its theory that the Workspaces Digital Rights Management (WDRM) server, among others, meets the "dedicated security processor" limitation of the '432 Patent. '432 Patent Supplemental Infringement Contentions at 15-16. Facebook's original infringement contentions made no such allegation despite publicly-available documents describing Workspaces DRM functionality, all of which were available prior to BlackBerry's productions in this case. *See, e.g.*, http://help.blackberry.com/en/blackberry-workspaces/current/quick-startguide/vix1490520108806.html; https://docs.blackberry.com/en/id-comm-collab/blackberryworkspaces/blackberry-workspaces-server/8_0; https://docs.blackberry.com/content/dam/docsblackberry-com/release-pdfs/en/blackberry-workspaces-server/windows/8_0/BlackBerry-Workspaces-for-Windows-User-Guide.pdf; https://docs.blackberry.com/content/dam/docsblackberry-com/release-pdfs/en/blackberry-workspaces-server/8_0/server/BlackBerry-Workspaces-User-Guide.pdf.

(Ex. O at 1–2.)

BlackBerry's objection is misplaced. The question is not merely whether the existence of a

---

[2] *See, e.g.*, https://www.blackberry.com/us/en/products/content-collaboration/blackberry-workspaces-efss/overview.

| | |
|---|---|
| 1 | WDRM server may have been publicly known as a general matter. The question is whether publicly- |
| 2 | available information disclosed the technical details of the WDRM server, as relevant to the claim |
| 3 | limitations of the '432 patent, that Facebook has now identified in its supplemental contentions. |
| 4 | Specifically, asserted claim 1 of the '432 patent recites a "dedicated security processor" that receives |
| 5 | a request for a file and is used to access and validate the file. ('432 patent (Dkt. No. 1), claim 1.) |
| 6 | Therefore, to map the claim language to accused components in the Workspaces system, sufficient |
| 7 | information is required to accuse a "dedicated security processor" that is used to perform each of these |
| 8 | functions recited in the claim language. |

The technical details of BlackBerry's back-end architecture for Workspaces that are relevant to the '432 patent are not generally publicly disclosed. BlackBerry's confidential technical document production in late May 2019, however, ███████████████████████████████

███████████████████████████████████████████████████████████████

Based on this confidential discovery, Facebook supplemented its infringement contentions ███

███████████████████████████████████████████████████████████████

███ *See* Ex. J ['432 chart] at 16-22, 24, 26-27 ███████████████████

████████████████████████. For example, Facebook relies on BlackBerry's

confidential documentation describing ███████████████████████████

████████████████████████████████████████████████████████████████

1  (Ex. J at 27 (quoting BB-FBNDCAL0028634).) ██████████████

2  ██████████████████████████ For example:

3–6 ████████████████████████████████████████████████

7  (Ex. J at 17 (citing BB-FBNDCAL0029409).) ██████████████

8–17 ████████████████████████████████████████████████

18  (Ex. J at 19 (quoting BB-FBNDCAL0022449).)

19      Thus, the additional details in Facebook's supplemental contentions, ████████

20  ██████████████████████████, are based entirely on the confidential documents that

21  BlackBerry produced only three weeks before Facebook disclosed its supplement. "These technical

22  documents provide good cause for amendment." *Delphix*, 2015 WL 5693722, at *5; *Procon GPS*,

23  2013 WL 1788049, at *1 (finding good cause where "[t]he additional detail contained in the

24  infringement charts is largely based upon discovery recently produced by Skypatrol"); *DCG Sys.*, 2012

25  WL 1309161, at *3 (finding good cause where "the manuals giving rise to the proposed amendment

26  were not publicly available and plaintiff tendered its proposed amendments a few weeks after it

27  received them.").

28

By contrast, none of the publicly available documents BlackBerry cited in its July 12, 2019 letter disclose in detail the confidential functionality of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*See* Ex. J at 1–2.) For example, none of the cited public documents discloses ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Delphix*, 2015 WL 5693722, at *3 (rejecting argument that patentee should have previously known information from publicly-available documents because defendant "fail[ed] to identify where these documents purportedly disclose the technical information [patentee] added to its contentions").

Tellingly, all of the technical documents that form the basis for Facebook's supplementation were designated by BlackBerry as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order in this case, confirming that the documents disclose confidential, non-public information. *Procon GPS*, 2013 WL 1788049, at *1 (newly-discovered information "is not publicly available, as evidenced by the fact that it is almost entirely made up of material that Skypatrol has designated 'Highly Confidential – Attorneys' Eyes Only'"); *Delphix*, 2015 WL 5693722, at *3 (finding that party's "argument that its source code is public cannot be reconciled with" the fact that the code was "designated as 'Highly Confidential – Source Code' under the Protective Order'").

In sum, contrary to BlackBerry's objection, the relevant technical details of ▇▇▇▇▇ that Facebook identified in in its supplemental contentions were not publicly disclosed prior to Facebook's original January 2019 contentions. Good cause exists for Facebook's supplementation. *Procon GPS*, 2013 WL 1788049, at *1; *Delphix*, 2015 WL 5693722, at *3; *DCG Sys.*, 2012 WL 1309161, at *3.

**2.   Facebook has good cause to supplement on the '698 Patent.**

For the '698 patent, Facebook accuses BlackBerry's QNX software and related systems. BlackBerry offers QNX Neutrino RTOS (Real Time Operating System), which is an operating system used for various applications.[3]

---

[3] *See, e.g.*, https://blackberry.qnx.com/en/products/neutrino-rtos/index.

1  With respect to Facebook's proposed supplementation, BlackBerry objects to the identification
2  of the QNX Guardian as meeting the "monitoring component" claim limitations. BlackBerry's
3  objection from its July 12, 2019 letter is reproduced below:

> Facebook identified for the first time in its proposed supplemental infringement contentions its theory that the QNX Guardian meets the "monitoring component" limitation of the '698 Patent based on its monitoring of the QNX HAM. '698 Supplemental Infringement Contentions at 66. Again, Facebook's original infringement contentions made no such allegation despite publicly-available documents describing this functionality. *See, e.g.*, http://www.qnx.com/developers/docs/7.0.0/#com.qnx.doc.neutrino.sys_arch/topic/ham_SELFMONITOR.html ("the HAM/Guardian pair monitor each other").

(Ex. O at 2.)

As with the '432 patent, BlackBerry's objection is not well-founded because the relevant confidential details were not sufficiently publicly available prior to Facebook's original January 2019 contentions. Again, the relevant details depend on the claim limitations at issue, which are more than merely a high-level "monitoring" feature. Specifically, claims 1 and 20 of the '698 patent recite a "monitoring component" that is used for various functions including "operat[ing] to determine which of said plurality of states is the current operating state of said computer platform" (claim 1) and "recording state data describing a current operational state of the computing platform" (claim 20).

Facebook's supplementation as to the '698 patent is based on confidential source code for the accused QNX software. After review of the source code as well as BlackBerry's technical document production, Facebook determined that the confidential discovery provided sufficient information to include an accusation against ███████████. In particular, Facebook's supplement for the '698 patent contains a detailed description of ████████████████████████████████████████████████████████████████████████████████████████████ (Ex. L at 72, 98, 141, 178, 189, 201, 232.)

As with the '432 patent, BlackBerry cites publicly-available documents but "fails to identify where these documents purportedly disclose the technical information [Facebook] added to its contentions." *Delphix*, 2015 WL 5693722, at *3. Furthermore, BlackBerry designated its source code and technical documents as highly confidential under the Protective Order, reflecting the fact that the

1  relevant technical details in the source code are not generally publicly available.

2      BlackBerry's objection lacks merit because it relies on public documents that do not disclose
3  the information Facebook identifies and Facebook's supplementation is based on BlackBerry's
4  disclosure of confidential discovery. Thus, good cause exists for Facebook's supplementation.

5      **3.    Facebook has good cause to supplement on the '231 Patent.**

6      For the '231 Patent, Facebook accuses BlackBerry's BBM (BlackBerry Messenger) Enterprise
7  system, which enables users to communicate with each other with text and voice communications.

8      BlackBerry objects that Facebook's supplemental infringement contentions ████████
9  ████ as satisfying the "GSI channel" limitation of claim 1 of the '231 Patent. BlackBerry's
10 objection as stated in its July 12, 2019 letter is reproduced below:

> Facebook also identified for the first time in its proposed supplemental infringement contentions its theory that a SIP channel meets the "generic signaling interface channel" limitation of the '231 Patent. '231 Supplemental Infringement Contentions at 42-43. Again, Facebook's original infringement contentions made no such allegation despite publicly-available documents explaining that BBM Enterprise utilizes SIP. See, e.g., https://support.blackberry.com/kb/articleDetail?language=en_US&articleNumber=000045300. Moreover, even the proposed supplementation is deficient because it fails to put BlackBerry on notice of which SIP channel Facebook alleges meets the GSI channel limitation.

18 (Ex. O at 2.)

19     Again, BlackBerry's objection does not present any reason to deny leave to supplement.
20 Facebook's supplement relies exclusively on relevant confidential discovery that was not previously
21 publicly available. In particular, BlackBerry's source code and document productions revealed a
22 ████████████████████ that Facebook contends satisfies the claim requirements of the
23 '231 Patent. In particular, asserted claim 1 of the '231 Patent recites a step of "establishing, based on
24 the determined voice communication capabilities of the recipient and based on the indication that the
25 sender has selected the voice communication option, a voice communication between the sender and
26 the recipient using more than one channel including at least a <u>generic signaling interface channel</u>."
27 ('231 Patent (Dkt. No. 1), claim 1.) As recited in the claim, the "generic signaling interface channel"
28 is a channel that is used to establish voice communication.

The publicly available information prior to Facebook's original January 2019 contentions did not disclose the confidential details about ███████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
██████████████ Facebook's supplemental contentions extensively cite BlackBerry's source code and confidential technical documents that describe ████████████████████████████████
██████████████ (Ex. I at 42-54.)  For example, █████████████████████████████████
████████████████████████████████████████████████████████████████████ (*Id*. at 53-54.) BlackBerry's confidential documents also reveal technical details such as that, for example, ████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
(Ex. I at 44.)  BlackBerry's documents also revealed ████████████████████████████
████████████████████████████████████████████████████████ (*e.g.*, *id*. at 44-53), all of which BlackBerry designated as "Highly Confidential" under the Protective Order.

BlackBerry does not identify any prior public disclosure of these confidential details. BlackBerry cited one webpage, but that webpage contains a high-level list of protocol names and does not describe in detail ██████████████████████████.  In fact, Facebook's original infringement contentions contained a screenshot from that same webpage, which is also reproduced in Facebook's supplemental contentions.  (Ex. I at 40.)  But that high-level webpage did not disclose the confidential details sufficient to determine that ████████████████████████████████████████████
██████████████████████████████ Once Facebook received the confidential source code and documents produced by BlackBerry disclosing the details, Facebook supplemented its contentions accordingly, which is amply sufficient to show good cause.  *Procon GPS*, 2013 WL 1788049, at *1;

1   *Delphix*, 2015 WL 5693722, at *3; *DCG Sys.*, 2012 WL 1309161, at *3.

2   BlackBerry's objection to Facebook's supplementation conflicts with its separate complaint
3   that Facebook's supplementation allegedly does not sufficiently "put BlackBerry on notice of which
4   SIP channel Facebook alleges meets the GSI channel limitation." (Ex. O at 2.)  First, Facebook's
5   supplementation identifies the accused functionality with specific citations to source code regarding
6   SIP, which is more than sufficient to provide notice to BlackBerry of the accused infringement. (Ex.
7   I at 53-54.)  BlackBerry has not identified any ambiguity between multiple different SIP channels in
8   the source code cited by Facebook.  Even if it did, there would be nothing improper about infringement
9   contentions that collectively or alternatively accuse multiple channels that are used to establish voice
10  communications.  *Word to Info*, 2016 WL 3648605, at *5 (noting that the defendant had cited "no
11  authority to support its apparent position that infringement contentions cannot include alternative
12  infringement theories.").  To the extent BlackBerry believes that any such infringement theories lack
13  merit, "[t]he merits of [Facebook]'s infringement theories will be tested at summary judgment and
14  trial, not on a motion for leave to amend." *Id*.

15  Furthermore, although Facebook's detailed discussion of source code provides ample notice
16  of infringement, "the relevant inquiry now" is "not whether the amendments adequately cure any and
17  all purported deficiencies" in Facebook's contentions.  *Radware, Ltd. v. A10 Networks, Inc.*, Case Nos.
18  C13-02021, -02024 RMW (HRL), 2014 WL 1350230, at *4 (N.D. Cal. Apr. 4, 2014).  The question
19  at hand is whether Facebook has shown good cause for leave to amend its contentions, which it has.
20  *See also Word to Info*, 2016 WL 3648605, at *5 (granting leave to amend over defendant's complaint
21  that the amended contentions "fail to provide reasonable notice of [plaintiff's] infringement
22  theories.").

**4.   Facebook has good cause to supplement on the '575 Patent.**

24  For the '575 Patent, Facebook accuses BlackBerry's UEM (Unified Endpoint Management)
25  system that allows mobile device users to access content over a network.

26  Regarding Facebook's supplementation, BlackBerry's objections as stated in its July 12, 2019
27  letter are reproduced below:

> Facebook identified for the first time in its proposed supplemental infringement contentions its theory that various purported P2E/SIP/TURN connections and signaling satisfy various limitations of the '575 Patent. See generally, '575 Supplemental Infringement Contentions. Again, Facebook's original infringement contentions made no such allegations or reference to P2E and SIP, despite publicly-available documents identifying said protocols utilized in UEM/BES.  See, e.g., http://devblog.blackberry.com/2015/07/bes12-v12-2-and-the-blackberry-secure-connect-plus-transport/.  Moreover, even the proposed supplementation is deficient because it fails to put BlackBerry on notice of what Facebook alleges meets the claimed "'mobile device transmission profile"; rather, Facebook merely parrots the language of the claim and alleges that BlackBerry practices, but it still has not identified any purported "mobile device transmission profile." The proposed supplemental contentions also still fail to specify with particularity Facebook's allegations with respect to the claimed "multimedia data delivery information"; rather, Facebook purports to present alternative infringement theories without identifying what the purported "multimedia data delivery information" is in its alternative theories. In particular, Facebook alleges that "data related to interactive connectivity establishment (ICE), establishing secure channel over DTLS, interface configuration, and application data" are all, alternatively, the claimed "multimedia data delivery information" but fails to identify what specific items of data it alleges meet the limitation. The proposed supplemental contentions also still fail to identify what "multimedia data" is purportedly provided to mobile devices by the accused products. Accordingly, even if there were good cause for Facebook's supplementation, the supplementation is still deficient and fails to put BlackBerry on notice of Facebook's theories.

(Ex. O at 2-3.)

BlackBerry's objections do not present any reason to deny amendment.  First, while BlackBerry faults Facebook for accusing "various purported P2E/SIP/TURN connections and signaling," those accusations were in Facebook's original infringement contentions.  The original contentions provided extensive discussion regarding BlackBerry Secure Connect Plus (BSCP) signaling and the use of TURN protocol to negotiate the tunnel parameters that establish a secure channel for the device through the BlackBerry infrastructure.  (Ex. P at 35–36.).

BlackBerry also asserts that P2E and SIP are identified in publicly-available documents. *See* Ex. O at 2.  However, BlackBerry has not identified any public documents that describe P2E and SIP with respect to UEM, let alone their detailed technical functionalities as described in Facebook's supplementation.  BlackBerry produced confidential technical documents describing the ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (BB-FBNDCAL0007287), only *after* Facebook's

1  January 2019 initial infringement contentions.

2  BlackBerry's objection that the supplementation lacks sufficient detail is also unavailing for
3  similar reasons as BlackBerry's complaint regarding the '231 Patent.  First, Facebook's
4  supplementation is more than sufficiently detailed with technical information from both documents
5  recently produced by BlackBerry as well as citations to BlackBerry source code.  (*See* Ex. K.)  In
6  addition, Facebook included specific examples of how the claim elements read on the accused
7  instrumentality, as informed by the technical production.  ████████████████
8  ████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████
11 ████████████████████████████  (Ex. K at 53.)  Facebook further supported
12 its infringement theories by identifying and describing these types of data in more detail.  (*See id.* at
13 54-58.)  BlackBerry has no basis to complain about a more detailed identification of components
14 within the same instrumentalities that have always been accused of infringement.

15 Furthermore, even if BlackBerry believes the supplement is insufficiently detailed (which it is
16 not), the question at hand is whether Facebook has shown good cause to amend, which it has.
17 *Radware*, 2014 WL 1350230, at *4; *Word to Info*, 2016 WL 3648605, at *5.

18 Given the newly available technical documents and source code since Facebook disclosed its
19 original January 2019 infringement contentions, Facebook has ample good cause to amend its
20 infringement contentions to rely on these new documents and source code in order to fine-tune and
21 add greater detail to its infringement theories.

22 **D.      Blackberry Will Not be Unduly Prejudiced by the Proposed Amendment**

23 Finally, there is no undue prejudice to BlackBerry.  BlackBerry requested that Facebook
24 supplement its contentions by June 18, 2019—which is exactly what Facebook did.  BlackBerry has
25 no prejudice in timely receiving what it requested, much less "undue" prejudice.  PLR 3-6.

26 By receiving Facebook's supplement on the date it requested, BlackBerry had the supplement
27 two days before the parties' June 20, 2019 Joint Claim Construction Statement filing, six weeks before
28 BlackBerry's August 1, 2019 claim construction brief, and four months before the *Markman* hearing

set for October 23, 2019. *Radware*, 2014 WL 1350230, at *2 (finding "Defendants will not be prejudiced because [amended infringement contentions] were served more than two months prior to claim construction briefing, and by citing to source code . . . the [amended infringement contentions] provide Defendants with greater specificity."). As of this filing, six weeks have passed since BlackBerry received the supplemental contentions and BlackBerry has not sought to raise any new or different claim construction issues or do anything else in view of the supplementation.

Moreover, if BlackBerry contends it is prejudiced by the timing of the supplementation—despite receiving Facebook's supplement by the date BlackBerry requested—BlackBerry has only itself to blame. BlackBerry's technical document production under the Patent Local Rules was due by February 26, 2019, but BlackBerry did not provide a meaningful production of non-code technical documents until three months later, after repeated requests from Facebook. If BlackBerry had timely produced those documents, Facebook could have supplemented its contentions much earlier.

## V.   CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court grant it leave to amend its infringement contentions to the June 18, 2019 supplementation attached hereto as Exhibits I-N.

| | | |
|---|---|---|
| 1 | Dated:  August 2, 2019 | COOLEY LLP |
| 2 | | |
| 3 | | /s/ *Heidi L. Keefe* |
| 4 | | HEIDI L. KEEFE (178960)<br>(hkeefe@cooley.com) |
| 5 | | MARK R. WEINSTEIN (193043)<br>(mweinstein@cooley.com) |
| 6 | | MATTHEW J. BRIGHAM (191428)<br>(mbrigham@cooley.com) |
| 7 | | LOWELL D. MEAD (223989)<br>(lmead@cooley.com) |
| 8 | | BENJAMIN S. LIN (232735)<br>(blin@cooley.com) |
| 9 | | MARK A. ZAMBARDA (314808)<br>(mzambarda@cooley.com) |
| 10 | | 3175 Hanover Street<br>Palo Alto, CA  94304-1130 |
| 11 | | Telephone:   (650) 843-5000<br>Facsimile:    (650) 849-7400 |
| 12 | | |
| 13 | | COOLEY LLP<br>MICHAEL G. RHODES (116127) |
| 14 | | (rhodesmg@cooley.com)<br>MATTHEW D. CAPLAN (260388) |
| 15 | | (mcaplan@cooley.com)<br>101 California Street |
| 16 | | San Francisco, CA  94111-5800<br>Telephone:   (415) 693-2000<br>Facsimile:    (415) 693-2222 |
| 17 | | |
| 18 | | Attorneys for Plaintiff<br>FACEBOOK, INC. |