1   COOLEY LLP
    HEIDI L. KEEFE (178960)
2   (hkeefe@cooley.com)
    MARK R. WEINSTEIN (193043)
3   (mweinstein@cooley.com)
    MATTHEW J. BRIGHAM (191428)
4   (mbrigham@cooley.com)
    LOWELL D. MEAD (223989)
5   (lmead@cooley.com)
    BENJAMIN S. LIN (232735)
6   (blin@cooley.com)
    MARK A. ZAMBARDA (314808)
7   (mzambarda@cooley.com)
    3175 Hanover Street
8   Palo Alto, CA  94304-1130
    Telephone:    (650) 843-5000
9   Facsimile:    (650) 849-7400

10  MICHAEL G. RHODES (116127)
    (rhodesmg@cooley.com)
11  MATTHEW D. CAPLAN (260388)
    (mcaplan@cooley.com)
12  101 California Street
    San Francisco, CA  94111-5800
13  Telephone:    (415) 693-2000
    Facsimile:    (415) 693-2222

14
    Attorneys for Plaintiff
15  FACEBOOK, INC.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria Maroulis (Bar No. 202603) 555
Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jordan R. Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600
Facsimile: 415-875-6700

Attorneys for Defendants
BLACKBERRY LIMITED and
BLACKBERRY CORPORATION

16

UNITED STATES DISTRICT COURT

17

NORTHERN DISTRICT OF CALIFORNIA

18

OAKLAND DIVISION

19

20

21  FACEBOOK, INC.,
    a Delaware corporation,

22                    Plaintiff,

23        v.

24  BLACKBERRY LIMITED,
    a Canadian corporation, and
25  BLACKBERRY CORPORATION,
    a Delaware corporation,

26                    Defendants.

27

Case No.  4:18-cv-05434-JSW

**REVISED PATENT L.R. 4-3 JOINT
CLAIM CONSTRUCTION
STATEMENT**

The Honorable Jeffrey S. White

28

1  Pursuant to the Court's Standing Order for Patent Cases, Plaintiff Facebook, Inc. ("Facebook")

2  and Defendants BlackBerry Limited and BlackBerry Corporation (collectively "BlackBerry") hereby

3  submit the below Revised, Final Joint Claim Construction Statement for the construction of claim

4  terms in U.S. Patent 6,356,841 ("the '841 patent") (Dkt. 48-3), U.S. Patent 6,744,759 ("the '759

5  patent") (Dkt. 48-4), U.S. Patent 7,228,432 ("the '432 patent") (Dkt. 48-5), U.S. Patent 7,302,698

6  ("the '698 patent") (Dkt. 48-6), U.S. Patent 7,567,575 ("the '575 patent") (Dkt. 48-7), and U.S. Patent

7  8,429,231 ("the '231 patent") (Dkt. 48-8).

8  ## I.    AGREED UPON CONSTRUCTIONS OF TERMS (PATENT L.R. 4-3(a))

9  The parties have agreed upon the construction of the following terms:

10  The term "state" in the '698 patent means "a mode of operation of the computing entity in

11  which a plurality of functions provided by the computing platform may be carried out."

12  ## II.    CONSTRUCTION OF DISPUTED TERMS (PATENT L.R. 4-3(b))

13  The parties' respective proposed constructions of disputed claim terms and supporting

14  evidence are presented in the chart attached below, and BlackBerry maintains and incorporates herein

15  by reference its additional separate statement to the originally-filed joint claim construction statement,

16  Dkt. 48-2.

17  Pursuant to Patent L.R. 4-3(b), each party's supporting evidence includes an identification of

18  references from the specification or prosecution history that supports its proposed constructions and

19  an identification of extrinsic evidence known to the party at this time upon which the party intends to

20  rely either to support its proposed constructions or to oppose any other party's proposed constructions,

21  including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises

22  and prior art, and testimony of percipient and expert witnesses.  Per the parties' agreement, expert

23  testimony was submitted in the form of declarations filed with the parties' briefs.

24  ## III.    IDENTIFICATION OF TEN TERMS

25  Pursuant to the Court's standing order, the parties request that the Court address the parties'

26  disputes regarding the following claim terms and phrases:

27  1.    "central location" ('841 patent);

28  2.    "feature enhancement" / "enhancement" ('759 patent);

3.      "data network telephone" ('759 patent);

4.      "dedicated security processor" ('432 patent);

5.      "operating state/operational state" ('698 patent);

6.      Whether the preamble of claim 20 ("[a] method of storing data at a computing entity comprising a computer platform having a first data processor and a first memory and a monitoring component having a second data processor and a second memory") is limiting ('698 patent);

7.      Order of method steps ('575 patent);

8.      "multimedia data delivery information ('575 patent);

9.      "mobile device transmission profile" ('575 patent);

10.     "generic signaling interface channel" ('231 patent).

BlackBerry contends that the phrase "multimedia data delivery information" in claim 1 of the '575 patent is indefinite.  Facebook contends that this phrase is not indefinite.  The parties agree that the Court's construction of this phrase could be potentially claim dispositive as to the '575 patent.

In accordance with the Court's standing order, BlackBerry provided the basis for revising its proposed construction for two of the above claim terms in its responsive claim construction brief.  *See* Dkt. 51 at 2, n.1 ("central location"); *id*. at 6, n.3 ("data network telephone").

## IV.     ANTICIPATED LENGTH OF *MARKMAN* HEARING (PATENT L.R. 4-3 (d))

The Court has scheduled a Tutorial hearing for November 7, 2019 at 10:00 a.m.  The Court has scheduled a *Markman* hearing for November 21, 2019 at 10:00 a.m.

The parties anticipate that the *Markman* hearing should last no more than 2 hours.

## V.      WITNESSES AT *MARKMAN* HEARING (PATENT L.R. 4-3(e))

The parties do not anticipate calling any live witnesses at the *Markman* hearing.

## VI.     FACTUAL FINDINGS REQUESTED BY THE COURT (PATENT L.R. 4-3(f))

BlackBerry contends that certain patent claim terms identified in the chart below are indefinite, rendering the claims in which they appear and claims depending therefrom, invalid.  For example, BlackBerry contends that the phrase "multimedia data delivery information" from the '575 patent is indefinite because it cannot be construed with reasonable certainty.  To the extent the Court must make any subsidiary factual findings with respect to certain patent claim terms that BlackBerry identified in

1    the chart as indefinite, including "multimedia data delivery information," BlackBerry respectfully

2    requests the Court to make a finding, including any subsidiary factual findings, that such claim terms

3    are indefinite.  *See, e.g.*, *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1363 (Fed. Cir. 2018) (affirming that

4    a disputed term was indefinite after reviewing the district court's "subsidiary factual findings" based

5    on expert declaration); *Eli Lilly and Co. v. Teva Parenteral Medicines, Inc.*, 845 F.3d 1357, 1371 (Fed.

6    Cir. 2017) ("[T]he district court's underlying determination, based on extrinsic evidence, of what a

7    person of ordinary skill would understand 'vitamin B12' to mean in different contexts is a question of

8    fact.").  Facebook requests that the Court make any subsidiary factual findings as appropriate to

9    support a ruling that any such challenged claim terms are not indefinite.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Claim Term | Patent | BlackBerry's Proposed Construction and Supporting Evidence[1] | Facebook's Proposed Construction and Supporting Evidence[2] |
|---|---|---|---|
| 1. central location | '841, claims 12, 23 | a single location that receives, stores, and analyzes GPS and other data from one or more remote units<br><br>**Intrinsic Evidence**<br><br>Abstract; Figs. 3, 19 and accompanying disclosure; col. 1:21-26; 1:34-41; 1:44-46; 1:61-67; 2:48-49; 2:65-3:6; 4:23-25; 6:59-67; 7:51-8:2; 8:46-49; 8:50-61; 11:15-42; 12:4-6; 12:24-36; 12:41-67; 18:21-29<br><br>2001-06-26 Response to Office Action (of the '841 patent).<br><br>2006-11-13 Response to Office Action (of U.S. Pat. App. Pub. US2006/0253252, which claims priority to the '841 patent).<br><br>**Extrinsic Evidence**<br><br>Webster's New World College Dictionary (1997) at 227-28<br><br>https://www.merriam-webster.com/dictionary/central (accessed April 1, 2019) | No construction necessary at this time.<br><br>Alternatively, if construction is needed, "location that communicates with the remote unit and is different from the remote unit."<br><br>**Intrinsic Evidence**<br><br>'841 file history, 06/26/01 Amendment at 14.<br><br>Abstract; 1:34-46; 1:53-55; 1:61-67; 3:4-6; 4:23-25; claim 44 |

[1]  BlackBerry incorporates by reference and reserves the right to rely upon the evidence cited by Facebook with respect to each term. BlackBerry also incorporates by reference the evidence and citations presented in its claim construction briefing.

[2]  Facebook incorporates by reference and reserves the right to rely upon the evidence cited by BlackBerry with respect to each term. Facebook also incorporates by reference the evidence and citations presented in its claim construction briefing.

| Claim Term | Patent | BlackBerry's Proposed Construction and Supporting Evidence[1] | Facebook's Proposed Construction and Supporting Evidence[2] |
|---|---|---|---|
| | | The Merriam Webster Dictionary, New Edition (2004) at 116.<br><br>The American Heritage College Dictionary, Third Edition (1997) at 227.<br><br>Microsoft Encarta College Dictionary (2001) at 232.<br><br>https://en.oxforddictionaries.com/definition/central (accessed April 1, 2019)<br><br>Microsoft Computer Dictionary (5th Ed. 2002) at 92 | |
| **2.** feature / feature enhancement | '759, claims 4, 8 | a telephony service provider offering or characteristic of a telephony service<br><br>"enhancement" means "an improvement"<br><br>**Intrinsic Evidence**<br><br>Figs. 1, 3, 4, and accompanying disclosures; 1:16-2:47; 2:37-3:15; 3:23-28; 3:36-48; 6:50-58; 7:10-15; 10:54-56; 11:1-28; 14:25-15:10<br><br>2003-11-17 Response to Office Action.<br><br>**Extrinsic Evidence**<br><br>Webster's New World College Dictionary (1997) at 451, 496. | No construction necessary at this time.<br><br>**Intrinsic Evidence**<br><br>1:16-2:47; 3:7-15; 3:23-31; 3:36-48; 6:50-58; 7:10-15; 11:1-28; 14:25-15:10<br><br>**Extrinsic Evidence**u<br><br>Merriam-Webster's Collegiate Dictionary (10th ed. 1998) at 426 |

**REVISED JOINT CLAIM CONSTRUCTION STATEMENT**

| Claim Term | Patent | BlackBerry's Proposed Construction and Supporting Evidence[1] | Facebook's Proposed Construction and Supporting Evidence[2] |
|---|---|---|---|
| | | https://en.oxforddictionaries.com/definition/enhancement (accessed April 1, 2019)<br><br>https://www.merriam-webster.com/dictionary/feature (accessed April 1, 2019)<br><br>https://www.merriam-webster.com/dictionary/enhancement (accessed April 1, 2019)<br><br>The Merriam Webster Dictionary, New Edition (2004) at 263.<br><br>The American Heritage College Dictionary, Third Edition (1997) at 499.<br><br>Microsoft Encarta College Dictionary (2001) at 522.<br><br>https://en.oxforddictionaries.com/definition/feature (accessed April 1, 2019)<br><br>The Focal Illustrated Dictionary of Telecommunications (Mazda and Mazda eds.) (1999) at 235.<br><br>Microsoft Computer Dictionary (5th Ed. 2002) at 208.<br><br>The Authoritative Dictionary of IEEE Standards Terms, Seventh Edition (2000) at 421. | |
| **3.** data network | '759, claims | A fixed communication device with a | No construction necessary at this time. |

REVISED JOINT CLAIM
CONSTRUCTION STATEMENT

| Claim Term | Patent | BlackBerry's Proposed Construction and Supporting Evidence[1] | Facebook's Proposed Construction and Supporting Evidence[2] |
|---|---|---|---|
| telephone | 4, 8 | communications interface for connection to a data network<br><br>**Intrinsic Evidence**<br><br>Abstract; Figs. 1-7 and accompanying disclosures; 6:26-46; 6:50-58; 7:29-42; 8:17-36; 9:37-42; 10:3-9; 10:48-11:7;  12:3-38; 12:56-13:9; 13:61-14:24; 15:11-22; 16:30-33<br><br>2003-11-17 Response to Office Action.<br><br>**Extrinsic Evidence**<br><br>Microsoft Computer Dictionary (5th Ed. 2002) at 144.<br><br>Microsoft Computer Dictionary (5th Ed. 2002) at 284.<br><br>BlackBerry may rely on expert testimony from an expert witness.  The expert witness may provide testimony regarding the relevant technology of the '841 patent; the disclosure of the '841 patent; the application that gave rise to the '841 patent; the state of the art at the relevant time; the meaning of the claim term; and an explanation of how one of ordinary skill in the art would have understood the terms in light of the specification, prosecution history, and the level of ordinary skill in the art. More specifically, the expert witness may explain how the term "a data network telephone" as used in the '759 patent refers to a fixed communication | **Intrinsic Evidence**<br><br>Figs. 1-7; 3:32-40; 5:5-6:46; 6:59-7:15; 8:60-67; 9:66-10:2; 10:10-47; 12:3-9; 12:32-38; 15:41-49; 17:12-51; 18:42-55.<br><br>'759 file history, 7/17/03 Response.<br><br>**Extrinsic Evidence**<br><br>Microsoft Computer Dictionary (5th Ed. 2002) at 144<br><br>Facebook may rely on expert testimony from an expert witness. The expert witness may provide testimony regarding the relevant technology of the '759 patent; the disclosure of the '759 patent; the state of the art at the relevant time; the meaning of the claim language; and a ordinary skill in the art would have understood the claim language in light of the specification, prosecution history, and the level of ordinary skill in the art. |

**REVISED JOINT CLAIM
CONSTRUCTION STATEMENT**

| Claim Term | Patent | BlackBerry's Proposed Construction and Supporting Evidence[1] | Facebook's Proposed Construction and Supporting Evidence[2] |
|---|---|---|---|
| | | device with an Ethernet communications interface for connection to an Ethernet port. | |
| **4.** dedicated security processor | '432, claim 1 | a processor dedicated to providing security functions<br><br>**Intrinsic Evidence**<br><br>Abstract, Figs. 1-5 and accompanying disclosures, col. 1:40-46, 2:37-49, 4:11-58, 4:59-5:45, 5:65-6:43, 6:53-7:3, 7:4-8:3, 8:6-29, 8:30-9:63<br><br>**Extrinsic Evidence**<br><br>Barron's Dictionary of Computer and Internet Terms (2003) at 130<br><br>Microsoft Press Computer Dictionary (1991) at 100<br><br>Microsoft Computer Dictionary (5th ed. 2002) at 150, 470<br><br>The Authoritative Dictionary of IEEE Standards Terms, Seventh Edition (2000) at 280, 1015<br><br>Newton's Telecom Dictionary (16th ed. 2003) at 245, 677, 753<br><br>McGraw-Hill Dictionary of Computing & Communications (2000) at 291, 334<br><br>Webster's New World Computer Dictionary, | No construction necessary at this time.<br>**Intrinsic Evidence**<br><br>2:30-49; 3:40-45; 4:11-20; 4:59-67; 8:30-57<br><br>**Extrinsic Evidence**<br><br>Facebook may rely on expert testimony from an expert witness. The expert witness may provide testimony regarding the relevant technology of the '432 patent; the disclosure of the '432 patent; the state of the art at the relevant time; the meaning of the claim language; and an explanation of how one of ordinary skill in the art would have understood the claim language in light of the specification, prosecution history, and the level of ordinary skill in the art. |

**REVISED JOINT CLAIM CONSTRUCTION STATEMENT**

| Claim Term | Patent | BlackBerry's Proposed Construction and Supporting Evidence[1] | Facebook's Proposed Construction and Supporting Evidence[2] |
|---|---|---|---|
| | | Ninth Edition (2001) at 328 The Focal Illustrated Dictionary of Telecommunications (1999) at 549 The American Heritage College Dictionary, Third Edition (1997) at 362 Microsoft Encarta College Dictionary (2001) at 375 BlackBerry may rely on expert testimony from an expert witness.  The expert witness may provide testimony regarding the relevant technology of the '432 patent; the disclosure of the '432 patent; the application that gave rise to the '432 patent; the state of the art at the relevant time; the meaning of the claim term; and an explanation of how one of ordinary skill in the art would have understood the terms in light of the specification, prosecution history, and the level of ordinary skill in the art. More specifically, the expert witness may explain how a dedicated security processor is a processor dedicated exclusively to providing security functions. | |
| **5.** operating state / operational state | '698, claims 1, 20 | a state running on the computing entity that can be distinguished from other states using a set of integrity metrics **Intrinsic Evidence** Abstract, Figs. 6-12 and accompanying | No separate construction necessary at this time beyond the agreed construction of "state." **Intrinsic Evidence** Claims 1, 3, 6, 8, 13, 20, 21; 3:40-45; 10:61-11:2. |

**REVISED JOINT CLAIM CONSTRUCTION STATEMENT**

| Claim Term | Patent | BlackBerry's Proposed Construction and Supporting Evidence[1] | Facebook's Proposed Construction and Supporting Evidence[2] |
|---|---|---|---|
| | | disclosures, col. 3:39-45, 10:61-11:57, 12:49-53, 12:65-13:16, 13:17-63, 14:20-31, 19:60-20:9, 20:10-16, 21:55-22:12<br><br>March 27, 2007 PTAB Appeal Brief at 3<br><br>Notice of Allowance<br><br>**Extrinsic Evidence**<br><br>Newton's Telecom Dictionary (16th ed. 2000) at 800-01<br><br>Microsoft Press Computer Dictionary (1991) at 328, 329<br><br>Microsoft Computer Dictionary, Fifth Edition (2002) at 498<br><br>The Authoritative Dictionary of IEEE Standards Terms, Seventh Edition (2000) at 1102<br><br>The American Heritage College Dictionary, Third Edition (1997) at 956 | |
| **6.** a computer platform having a first data processor and a first memory and a monitoring component having a second data processor and a second memory | '698, claim 20 | The phrase "a computer platform having a first data processor and a first memory and a monitoring component having a second data processor and a second memory" in the preamble of claim 20 is limiting<br><br>**Intrinsic Evidence**<br><br>Abstract, Figs. 2, 3, 6-12 and accompanying | Not limiting as to language that does not serve as antecedent basis.<br><br>**Intrinsic Evidence**<br><br>Claim 20; 6:30-34, 7:8-26, 8:18-26, 16:28-33<br><br>January 27, 2006 Response to Non-Final Rejection |

| Claim Term | Patent | BlackBerry's Proposed Construction and Supporting Evidence[1] | Facebook's Proposed Construction and Supporting Evidence[2] |
|---|---|---|---|
| | | disclosures, col. 4:1-4, 7:18-26, 7:27-55, 8:10-17, 8:38-61, 9:6-13, 9:21-36,  9:55-10:56, 11:3-12:48, 13:29-54, 14:9-19, 14:27-29, 14:41-49, 15:5-8, 15:19-16:27, 16:28-45, 17:13-51, 18:16-18, 19:33-36, 20:10-16, 20:34-39, 21:16-45.<br><br>January 27, 2006 Response to Non-Final Rejection at 13-14<br><br>March 27, 2007 PTAB Appeal Brief at 11, 15<br><br>July 20, 2007 Notice of Allowance at 1 | March 27, 2007 PTAB Appeal Brief<br><br>July 20, 2007 Notice of Allowance |
| **7.**  order of method steps | '575, claim 1 | The claim requires the step of "receiving a request from the mobile device" to occur before the subsequent limitations in the claim.<br><br>**Intrinsic Evidence**<br><br>Fig. 5 and accompanying disclosures, col. 2:39-3:61, 4:13-15, 4:46-58, 8:9-16, 12:58--14:43<br><br>**Extrinsic Evidence**<br><br>BlackBerry may rely on expert testimony from an expert witness.  The expert witness may provide testimony regarding the relevant technology of the '575 patent; the disclosure of the '575 patent; the application that gave rise to the '575 patent; the state of the art at the relevant time; the meaning of the claim term; and an explanation of how one of ordinary skill in the art would have understood the terms in light of the specification, prosecution history, | The sequence of steps can be performed in any order, except that the step of "receiving a request…" is performed before the step of "providing multimedia data to the mobile device…"<br><br>**Intrinsic Evidence**<br><br>12:53-57<br><br>**Extrinsic Evidence**<br><br>Facebook may rely on expert testimony from an expert witness. The expert witness may provide testimony regarding the relevant technology of the '575 patent; the disclosure of the '575 patent; the state of the art at the relevant time; the meaning of the claim language; and an explanation of how one of ordinary skill in the art would have understood the claim language in light of the specification, prosecution history, |

REVISED JOINT CLAIM
CONSTRUCTION STATEMENT

| Claim Term | Patent | BlackBerry's Proposed Construction and Supporting Evidence[1] | Facebook's Proposed Construction and Supporting Evidence[2] |
|---|---|---|---|
| | | and the level of ordinary skill in the art. More specifically, the expert witness may explain how the" obtaining a device profile from the mobile device" step must come after the "receiving a request form the mobile device" step and that the "authenticating the identity of a user of the mobile device" step must come after "obtaining a device profile from the mobile device" step. | and the level of ordinary skill in the art. |
| **8.** multimedia data delivery information | '575, claim 1 | Indefinite<br><br>**Extrinsic Evidence**<br><br>BlackBerry may rely on expert testimony from an expert witness.  The expert witness may provide testimony regarding the relevant technology of the '575 patent; the disclosure of the '575 patent; the application that gave rise to the '575 patent; the state of the art at the relevant time; the meaning of the claim term; and an explanation of how one of ordinary skill in the art would have understood the terms in light of the specification, prosecution history, and the level of ordinary skill in the art. More specifically, the expert witness may explain how one of ordinary skill in art would not understand this term to have any meaningful boundaries in claim scope based on the intrinsic evidence. | No construction necessary at this time.<br><br>Alternatively, if construction is needed, "information relating to the delivery of multimedia data."<br><br>**Intrinsic Evidence**<br><br>Fig. 5; Abstract; 1:50-2:11; 2:60-3:60; 5:22-42; 8:57-65; 12:18-26; 14:10-14.<br><br>**Extrinsic Evidence**<br><br>Facebook may rely on expert testimony from an expert witness. The expert witness may provide testimony regarding the relevant technology of the '575 patent; the disclosure of the '575 patent; the state of the art at the relevant time; the meaning of the claim term; and an explanation of how one of ordinary skill in the art would have understood the claim language in light of the specification, prosecution history, and the level of ordinary skill in the art. |
| **9.** mobile device | '575, claim | a profile containing information that describes | No construction necessary at this time. |

13

**REVISED JOINT CLAIM
CONSTRUCTION STATEMENT**

| Claim Term | Patent | BlackBerry's Proposed Construction and Supporting Evidence[1] | Facebook's Proposed Construction and Supporting Evidence[2] |
|---|---|---|---|
| transmission profile | 1 | the wireless protocol used by a mobile device, including the wireless channel environment of the mobile device<br><br>**Intrinsic Evidence**<br><br>Figs. 2, 4, 5 and accompanying disclosures, col. 7:11-21, 8:22-28, 13:60-14:29<br><br>**Extrinsic Evidence**<br><br>Microsoft Press Computer Dictionary (1991) at 349<br><br>Microsoft Computer Dictionary, Fifth Edition (2002) at 528<br><br>McGraw Hill Dictionary of Computing & Communications (2003) at 388<br><br>The Authoritative Dictionary of IEEE Standards Terms, Seventh Edition (2000) at 1207<br><br>Barron's Dictionary of Computer and Internet Terms, Eighth Edition (2003) at 393<br><br>The American Heritage College Dictionary, Third Edition (1997) at 1092<br><br>**Extrinsic Evidence**<br><br>BlackBerry may rely on expert testimony from an expert witness. The expert witness may provide testimony regarding the relevant | **Intrinsic Evidence**<br><br>3:48-56, 6:34-35; 7:11-21; 8:22-28; 13:60-14:29, Figs. 2, 5<br><br>**Extrinsic Evidence**<br><br>Newton's Telecom Dictionary (16th ed. 2000) at 677, 878<br><br>The Authoritative Dictionary of IEEE Standards Terms (7th Ed. 2000) at 873<br><br>IBM Dictionary of Computing (10th ed. 1994) at 534<br><br>Microsoft Computer Dictionary (5th ed. 2002) at 528<br><br>Facebook may rely on expert testimony from an expert witness. The expert witness may provide testimony regarding the relevant technology of the '575 patent; the disclosure of the '575 patent; the state of the art at the relevant time; the meaning of the claim language; and an explanation of how one of ordinary skill in the art would have understood the claim language in light of the specification, prosecution history, and the level of ordinary skill in the art. |

14

REVISED JOINT CLAIM
CONSTRUCTION STATEMENT

| Claim Term | Patent | BlackBerry's Proposed Construction and Supporting Evidence[1] | Facebook's Proposed Construction and Supporting Evidence[2] |
|---|---|---|---|
| | | technology of the '575 patent; the disclosure of the '575 patent; the application that gave rise to the '575 patent; the state of the art at the relevant time; the meaning of the claim term; and an explanation of how one of ordinary skill in the art would have understood the terms in light of the specification, prosecution history, and the level of ordinary skill in the art. More specifically, the expert witness may explain how one of ordinary skill in art would not understand this term to have any meaningful boundaries in claim scope based on the intrinsic evidence. | |
| **10.** generic signaling interface channel | '231, claim 1 | A channel used to establish an initial connection in which local IP addresses are exchanged, and then is no longer used.<br><br>**Intrinsic Evidence**<br><br>1:64-2:2; 13:27-60<br><br>2013-01-03 Notice of Allowance (enclosing Examiner's Amendments).<br><br>Provisional Application No. 60/189,974, filed 2000-03-17, Section 3.2 at p. 6.<br><br>Provisional Application No. 60/239,917, filed 2000-10-13, Section 3.2 at p. 6.<br><br>**Extrinsic Evidence**<br><br>BlackBerry may rely on expert testimony from an expert witness.  The expert witness may provide testimony regarding the relevant | No construction necessary at this time.<br><br>Alternatively, if construction is needed, "communication channel that can be used to establish an initial connection"<br><br>**Intrinsic Evidence**<br><br>1:64-2:2; 13:27-60.<br><br>'231 file history, 01/03/13 Notice of Allowance at 6<br><br>Provisional Application 60/189,974 Sections 3.2 at 6<br><br>Provisional Application 60/239,917 (Talk Overview Section 3.2 at 6)<br><br>**Extrinsic Evidence**<br><br>Facebook may rely on expert testimony from an |

REVISED JOINT CLAIM
CONSTRUCTION STATEMENT

| Claim Term | Patent | BlackBerry's Proposed Construction and Supporting Evidence[1] | Facebook's Proposed Construction and Supporting Evidence[2] |
|---|---|---|---|
| | | technology of the '231 patent; the disclosure of the '231 patent; the application that gave rise to the '231 patent; the state of the art at the relevant time; the meaning of the claim term; and an explanation of how one of ordinary skill in the art would have understood the terms in light of the specification, prosecution history, and the level of ordinary skill in the art. More specifically, the expert witness may explain how one of ordinary skill in art would not understand this term to have any meaningful boundaries in claim scope based on the intrinsic evidence. | expert witness. The expert witness may provide testimony regarding the relevant technology of the '231 patent; the disclosure of the '231 patent; the state of the art at the relevant time; the meaning of the claim language; and an explanation of how one of ordinary skill in the art would have understood the claim language in light of the specification, prosecution history, and the level of ordinary skill in the art. |

16

**REVISED JOINT CLAIM
CONSTRUCTION STATEMENT**

1

2 Dated:  September 16, 2019                COOLEY LLP

3

4                                          /s/ *Heidi L. Keefe*

5                                          HEIDI L. KEEFE (178960)
                                           (hkeefe@cooley.com)
6                                          MARK R. WEINSTEIN (193043)
                                           (mweinstein@cooley.com)
7                                          MATTHEW J. BRIGHAM (191428)
                                           (mbrigham@cooley.com)
8                                          LOWELL D. MEAD (223989)
                                           (lmead@cooley.com)
9                                          BENJAMIN S. LIN (232735)
                                           (blin@cooley.com)
10                                         MARK A. ZAMBARDA (314808)
                                           (mzambarda@cooley.com)
11                                         3175 Hanover Street
                                           Palo Alto, CA  94304-1130
12                                         Telephone:    (650) 843-5000
                                           Facsimile:    (650) 849-7400

13                                         COOLEY LLP
14                                         MICHAEL G. RHODES (116127)
                                           (rhodesmg@cooley.com)
15                                         MATTHEW D. CAPLAN (260388)
                                           (mcaplan@cooley.com)
16                                         101 California Street
                                           San Francisco, CA  94111-5800
17                                         Telephone:    (415) 693-2000
                                           Facsimile:    (415) 693-2222

18

19                                         Attorneys for Plaintiff
                                           FACEBOOK, INC.

20

21

22

23

24

25

26

27

28

1    DATED: September 16, 2019            QUINN EMANUEL URQUHART &
2                                         SULLIVAN, LLP

3

4                                         By  /s/ Iman Lordgooei
                                             _____
5                                            Kevin P.B. Johnson (Bar No. 177129)
                                             kevinjohnson@quinnemanuel.com
6                                            Victoria Maroulis (Bar No. 202603)
                                             victoriamaroulis@quinnemanuel.com
7                                            555 Twin Dolphin Drive, 5th Floor
                                             Redwood Shores, CA 94065
8                                            Telephone: (650) 801-5000
                                             Facsimile: (650) 801-5100
9
                                             Jordan R. Jaffe (Bar No. 254886)
10                                           jordanjaffe@quinnemanuel.com
                                             Iman Lordgooei (Bar No. 251320)
11                                           imanlordgooei@quinnemanuel.com
                                             50 California Street, 22nd Floor
12                                           San Francisco, CA 94111
                                             Telephone: 415-875-6600
13                                           Facsimile: 415-875-6700
14
                                             James R. Asperger (Bar No. 83188)
15                                           jamesasperger@quinnemanuel.com
                                             Yury Kapgan (Bar No. 218366)
16                                           yurykapgan@quinnemanuel.com
                                             Pushkal Mishra (Bar No. 298695)
17                                           pushkalmishra@quinnemanuel.com
                                             865 S. Figueroa Street, 10th Floor
18                                           Los Angeles, CA 90017
                                             Telephone: (213) 443-3000
19                                           Facsimile: (213) 443-3100
20
                                             Attorneys for Defendants
21                                           BLACKBERRY LIMITED and BLACKBERRY
22                                           CORPORATION

23

24

25

26

27

28

4:18-cv-5434-JSW                    18                    **REVISED JOINT CLAIM
                                                          CONSTRUCTION STATEMENT**

1

## **ATTESTATION OF CONCURRENCE**

2

   I, Iman Lordgooei, am the ECF user whose ID and password are being used to file this

3

**REVISED PATENT L.R. 4-3 JOINT CLAIM CONSTRUCTION STATEMENT**.  Pursuant to

4

Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the

5

filing of this document.

6

Dated: September 16, 2019

7

8

                              */s/ Iman Lordgooei*
                              Iman Lordgooei

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28