| | |
|---|---|
| COOLEY LLP<br>HEIDI L. KEEFE (178960)<br>(hkeefe@cooley.com)<br>MARK R. WEINSTEIN (193043)<br>(mweinstein@cooley.com)<br>MATTHEW J. BRIGHAM (191428)<br>(mbrigham@cooley.com)<br>LOWELL D. MEAD (223989)<br>(lmead@cooley.com)<br>BENJAMIN S. LIN (232735)<br>(blin@cooley.com)<br>MARK A. ZAMBARDA (314808)<br>(mzambarda@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br><br>COOLEY LLP<br>MICHAEL G. RHODES (116127)<br>(rhodesmg@cooley.com)<br>MATTHEW D. CAPLAN (260388)<br>(mcaplan@cooley.com)<br>101 California Street<br>San Francisco, CA 94111-5800<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br><br>Attorneys for Plaintiff<br>FACEBOOK, INC. | QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria Maroulis (Bar No. 202603)<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>Jordan R. Jaffe (Bar No. 254886)<br>jordanjaffe@quinnemanuel.com<br>Iman Lordgooei (Bar No. 251320)<br>imanlordgooei@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: 415-875-6600<br>Facsimile: 415-875-6700<br><br>Attorneys for Defendants<br>BLACKBERRY LIMITED and<br>BLACKBERRY CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br>a Delaware corporation<br><br>    Plaintiff,<br><br>    vs.<br><br>BLACKBERRY LIMITED, a Canadian corporation, and BLACKBERRY CORPORATION, a Delaware corporation,<br><br>    Defendants. | CASE NO. 4:18-cv-05434-JSW<br><br>**JOINT STATEMENT IN RESPONSE TO TENTATIVE RULINGS AND QUESTIONS RE MARKMAN HEARING (DKT. 78)** |

1  Plaintiff Facebook, Inc. ("Facebook") and Defendants BlackBerry Limited and BlackBerry
2  Corporation (collectively, "BlackBerry"), by and through their respective counsel, respectfully
3  submit the following joint statement in response to the Court's Order Re Tentative Rulings And
4  Questions Re Markman Hearing (Dkt. No. 78) ("Order").

5  The parties have met and conferred in an effort to narrow the issues in dispute. Facebook
6  hereby notifies the Court that Facebook accepts the Court's tentative ruling regarding the
7  preamble of claim 20 of the '698 patent. (Order at 9.) The parties have not yet further narrowed
8  the issues in dispute.

9  The parties hereby submit their responses to the Court's questions where the Court asked
10 for additional or alternative constructions. (*Id*. at 13.) The parties expect to address all other
11 questions in the Court's Order and the outstanding disputes related to Court's tentative rulings at
12 the *Markman* hearing. In the event any additional submission in advance of the *Markman* hearing
13 would be helpful, the parties would be happy to submit it.

14  **1. "Central location"**

15  The Court asked: "In the interest of clarifying this dispute, can the parties propose a more
16 precise term or description in place of 'location'?" (Order at 3.)

17  **Facebook's position:**

18  Facebook proposes "integrated set of components."

19  **BlackBerry's position:**

20  BlackBerry proposes "a building or facility housing an integrated set of components."

21  **2. "Feature"**

22  The Court asked: "Assuming that the Court determines that 'features' are not limited to
23 offerings or characteristics of telephone service, do the parties dispute any other aspect of the
24 'plain meaning' of the terms 'feature' and 'feature enhancement'? If yes, could both parties
25 provide their interpretation of the 'plain meaning' of those terms?" (Order at 4-5.)

26  **Facebook's position:**

27  The plain meaning of "feature" is "distinctive characteristic or attribute." The plain
28 meaning of "feature enhancement" is "enhancement of a distinctive characteristic or attribute."

**BlackBerry's position:**

If the Court determines that "feature" is not limited to an offering or characteristic of a telephone service, without waiving its position that "feature" and "feature enhancement" have a particularized meaning within the context of the '759 patent consistent with its proposed construction, BlackBerry does not otherwise dispute Facebook's proposed "distinctive characteristic or attribute" construction.

4. **"dedicated security processor"**

The Court asked: "BlackBerry's construction appears to be one of only two reasonable constructions, the other being 'a security processor dedicated to accessing and validating a file'—the functions recited in the claims.  Would Facebook prefer this narrower construction?"  (Order at 6.)

**Facebook's position:**

Facebook would not prefer this narrower construction.

5. **"operating state" and "operational state"**

The Court asked: "Does the agreed-to definition of 'state' encompass operating systems?" (Order at 7.)

**Joint position:**

Under the agreed-to definition of "state," an operating system itself is not a "state" though an operating system may be capable of operating in one of multiple different states.

10. **"generic signaling interface channel"**

The Court asked: "The specification implies that the unique advantage of using a GSI channel is that 'the exchange of local IP addresses is only done when both parties permit such an exchange.' ('231 Patent, 13:33-36.)  Neither party's construction accounts for this advantage.  Is there a construction that would properly capture this aspect of using a GSI channel?"  (Order at 12-13.)

**Facebook's position:**

No, because no proper construction imports limitations from the preferred embodiment.

**BlackBerry's position:**

Yes, BlackBerry's proposed construction properly captures the advantage identified by the Court, which derives from the only description of GSI channel provided in the intrinsic evidence—not a "preferred embodiment." To the extent the Court believes an alternative construction is required, BlackBerry proposes a modification to the Court's tentative construction to capture the aspect of a GSI channel noted by the Court: "a channel used <u>only</u> to establish an initial connection in which local IP addresses are exchanged if the parties permit such an exchange." BlackBerry will provide an explanation justifying its proposal at the *Markman* hearing.

1  DATED:  October 24, 2019                    COOLEY LLP

                                               By  /s/ Heidi L. Keefe
                                                   HEIDI L. KEEFE (178960)
                                                   (hkeefe@cooley.com)
                                                   MARK R. WEINSTEIN (193043)
                                                   (mweinstein@cooley.com)
                                                   MATTHEW J. BRIGHAM (191428)
                                                   (mbrigham@cooley.com)
                                                   LOWELL D. MEAD (223989)
                                                   (lmead@cooley.com)
                                                   BENJAMIN S. LIN (232735)
                                                   (blin@cooley.com)
                                                   MARK A. ZAMBARDA (314808)
                                                   (mzambarda@cooley.com)
                                                   3175 Hanover Street
                                                   Palo Alto, CA 94304-1130
                                                   Telephone: (650) 843-5000
                                                   Facsimile: (650) 849-7400

                                                   COOLEY LLP
                                                   MICHAEL G. RHODES (116127)
                                                   (rhodesmg@cooley.com)
                                                   MATTHEW D. CAPLAN (260388)
                                                   (mcaplan@cooley.com)
                                                   101 California Street
                                                   San Francisco, CA 94111-5800
                                                   Telephone: (415) 693-2000
                                                   Facsimile: (415) 693-2222

                                                   Attorneys for Plaintiff
                                                   FACEBOOK, INC.

| | |
|---|---|
| 1   DATED:  October 24, 2019 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By  */s/ Iman Lordgooei*
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jordan R. Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600
Facsimile: 415-875-6700

James R. Asperger (Bar No. 83188)
jamesasperger@quinnemanuel.com
Yury Kapgan (Bar No. 218366)
yurykapgan@quinnemanuel.com
Pushkal Mishra (Bar No. 298695)
pushkalmishra@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendants
BLACKBERRY LIMITED and BLACKBERRY CORPORATION

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Statement in Response to the Court's Order Re Tentative Rulings And Questions Re Markman Hearing (Dkt. No. 78). Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: October 24, 2019

*/s/ Iman Lordgooei*