1

QUINN EMANUEL URQUHART & SULLIVAN, LLP

2

James R. Asperger (Bar No. 83188)                    Jordan R. Jaffe (Bar No. 254886)
jamesasperger@quinnemanuel.com                jordanjaffe@quinnemanuel.com

3

Yury Kapgan (Bar No. 218366)                          Iman Lordgooei (Bar No. 251320)
yurykapgan@quinnemanuel.com                   imanlordgooei@quinnemanuel.com

4

Pushkal Mishra (Bar No. 298695)                      Jonathan Tse (Bar No. 305468)
pushkalmishra@quinnemanuel.com              jonathantse@quinnemanuel.com

5

865 S. Figueroa Street, 10th Floor                      50 California Street, 22nd Floor
Los Angeles, CA 90017                                       San Francisco, CA 94111

6

Telephone: (213) 443-3000                               Telephone: (415) 875-6600

7

Facsimile: (213) 443-3100                                 Facsimile: (415) 875-6700

8

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com

9

Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com

10

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

11

Telephone: (650) 801-5000

12

Facsimile: (650) 801-5100

13

Attorneys for Defendants

14

BlackBerry Limited and BlackBerry Corporation

15

UNITED STATES DISTRICT COURT

16

NORTHERN DISTRICT OF CALIFORNIA

17

OAKLAND DIVISION

18

19

FACEBOOK, INC.,                                           Case No. 4:18-cv-05434-JSW

20

        Plaintiff,                                    **BLACKBERRY'S MOTION FOR LEAVE
TO AMEND INVALIDITY
CONTENTIONS**

21

        v.

22

BLACKBERRY LIMITED, and
BLACKBERRY CORPORATION,                    Hearing:  February 7, 2020
Time:  9:00 am

23

        Defendants.                                 Place:  Courtroom 5, 2nd Floor
Judge:  Hon. Jeffrey S. White

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ........................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

I.      SUMMARY OF ARGUMENT ................................................................................1

II.     FACTUAL BACKGROUND ...................................................................................2

III.    LEGAL STANDARD ..............................................................................................4

IV.     BLACKBERRY HAS GOOD CAUSE TO SUPPLEMENT ITS INVALIDITY
        CONTENTIONS IN RESPONSE TO NEW INFRINGEMENT THEORIES .....................4

        A.      BlackBerry Diligently Supplemented Its Invalidity Contentions.............................4

        B.      BlackBerry Did Not Find The New Prior Art Despite Earlier Diligent
                Search ...........................................................................................................5

        C.      Facebook Does Not Oppose A Majority Of BlackBerry's Proposed Second
                Supplemental Invalidity Contentions ...........................................................6

        D.      BlackBerry Has Good Cause To Supplement Its Invalidity Contentions .................7

                1.      BlackBerry has good cause for the '432 patent supplementations................7

                2.      BlackBerry has good cause for the '698 patent supplementations................8

        E.      Facebook Will Not Be Unduly Prejudiced By BlackBerry's
                Supplementations ..........................................................................................9

V.      CONCLUSION ......................................................................................................10

1

## **TABLE OF AUTHORITIES**

2

**Page**

3

### **Cases**

4

5

*Adv. Micro Devices, Inc. v. LG Elecs., Inc.,*
    No. 14-CV-01012-SI, 2017 WL 2774339 (N.D. Cal. June 26, 2017) ................................. 5

6

*Fujifilm Corp. v. Motorola Mobility LLC,*
    No. 12-cv-3587-WHO, 2014 WL 491745 (N.D. Cal. Feb. 5, 2014) ............................... 4, 5

7

8

*Karl Storz Endoscopy-Am. v. Stryker Corp.,*
    No. 14-cv-0876-RS (JSC), 2016 WL 7386136 (N.D. Cal. Dec. 21, 2016)................ 4, 6, 10

9

*Network Protection Scis. v. Fortinet, Inc.,*
    No. C 12-01106 WHA, 2013 WL 1949051 ........................................................ 5

10

*Positive Techs., Inc. v. Sony Elecs., Inc.,*
    No. C 11-2226 SI, 2013 WL 322556 (N.D. Cal. Jan. 28, 2013) ....................................... 10

11

12

*Symantec Corp. v. Acronis Corp.,*
    No. 11-5310 EMC (JSC), 2013 WL 5368053 (N.D. Cal. Sept. 25, 2013)........................... 6

13

14

*Synchronoss Techs., Inc. v. Dropbox Inc.,*
    No. 4:16-CV-00119-HSG-KAW, 2018 WL 5619743 (N.D. Cal. Oct. 29, 2018) ............... 4

15

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.,*
    No. C 12-05501 SI, 2014 WL 1648175 (N.D. Cal. Apr. 23, 2014) ..................................... 9

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**NOTICE OF MOTION**

2

PLEASE TAKE NOTICE that on February 7, 2020 at 9:00 a.m., or as soon thereafter as

3 counsel may be heard in the courtroom of the Honorable Jeffrey S. White, Oakland Courthouse,

4 Courtroom 5, 2nd Floor, 1301 Clay Street, Oakland, CA 94612, Defendants BlackBerry Limited and

5 BlackBerry Corporation (collectively, "BlackBerry") hereby move the Court for an order granting

6 leave for BlackBerry to amend its invalidity contentions pursuant to Patent L.R. 3-6.

7

BlackBerry's motion is based on and supported by the memorandum of points and authorities

8 contained herein, the Declaration of Jonathan Tse submitted concurrently herewith, all other pleadings

9 and papers on file in this action, and all other evidence, information, and argument that has been or

10 will be presented to the Court in connection with this motion.

11

**MEMORANDUM OF POINTS AND AUTHORITIES**

12 **I.   SUMMARY OF ARGUMENT**

13

BlackBerry seeks leave to amend and supplement its invalidity contentions in response to new

14 infringement theories presented in supplemental infringement contentions served by Facebook, Inc.

15 ("Facebook").  In particular, on September 17, 2019, Facebook was granted leave to serve amended

16 infringement contentions in this case.  (Dkt. 72.)  On September 24, 2019, Facebook served its

17 operative supplemental infringement contentions.   Facebook's supplementation included new

18 infringement theories that necessitated the search for and identification of additional prior art

19 references and arguments responsive to Facebook's new theories.   For example, Facebook's

20 supplementation identified for digital rights management (DRM) features provided by a server as

21 purportedly meeting the "dedicated security processor" limitation of the '432 patent.  Accordingly,

22 this necessitated amendment and supplementation of BlackBerry's invalidity contentions to identify

23 additional prior art references that disclose DRM servers, including Microsoft's Palladium prior art

24 system.

25

Thus on October 4, 2019, shortly after receiving Facebook's supplementation, BlackBerry

26 served its proposed amended and supplemental invalidity contentions.  There is good cause for

27 BlackBerry's supplementation, which is directly responsive to new theories introduced by Facebook.

28 BlackBerry diligently searched for and identified the additional prior art and served its proposed

amended and supplemental contentions promptly after receiving Facebook's supplemental infringement contentions. More importantly, this case is still in its early stages, as claim construction was only recently completed, a case management conference is scheduled for February 7, 2020, and as such there is currently no schedule for close of discovery, summary judgment motions, or trial. Thus, despite Facebook's opposition to four of BlackBerry's invalidity charts, there is good cause, BlackBerry was diligent, and there is no apparent prejudice to Facebook. BlackBerry's motion for leave should be granted.

## II.   FACTUAL BACKGROUND

On January 8, 2019, Facebook served its Patent L.R. 3-1 Infringement Contentions, alleging infringement of U.S. Pat. Nos. 6,356,841 ("the '841 patent"), 6,744,759 ("the '759 patent"), 7,228,432 ("the '432 patent"), 7,302,698 ("the '698 patent"), 7,567,575 ("the '575 patent"), and 8,429,231 ("the '231 patent") (collectively, "the Asserted Patents").

On February 25, 2019, BlackBerry served its Patent L.R. 3-3 Invalidity Contentions, identifying 160 prior art references and 83 invalidity charts. (Declaration of Jonathan Tse ("Tse Decl.") ¶ 2.) After correspondence between the parties, and per Facebook's request, on March 26, 2019, BlackBerry served First Supplemental Invalidity Contentions that provided additional narrative explanation of its invalidity theories.

On April 17, 2019, BlackBerry identified deficiencies in Facebook's initial Infringement Contentions, including, insufficient lack of notice as to Facebook's infringement theories on, *inter alia,* "dedicated security processor" in the '432 patent, "second data processor" and "second memory" in the '698 patent, "multimedia data delivery information" in the '575 patent, and "generic signaling interface channel" in the '231 patent. (Ex. A at 2-3.) On June 12, 2019, BlackBerry again requested that Facebook clarify its infringement theories. (Ex. B.)

On June 18, 2019, Facebook served its First Supplemental Infringement Contentions for all Asserted Patents. (Tse Decl. ¶ 3.) The next day, BlackBerry objected to certain of Facebook's infringement theories that were asserted for the first time in its First Supplemental Infringement Contentions, including identification of (1) Workspaces Digital Rights Management ("WDRM") features that allegedly satisfy the "dedicated security processor" and "validate" limitations of the '432

patent, (2) a Session Initiation Protocol ("SIP") channel that allegedly satisfies the "generic signaling interface channel" limitation of the '231 patent, and (3) a candidate addresses that allegedly satisfies the "multimedia data delivery information" limitation of the '575 patent. (Ex. C.) On July 12, 2019, BlackBerry sent another letter to Facebook explaining that even these new infringement theories were still deficient, including, among other things, as to *which* SIP channel allegedly meets the "generic signaling interface channel" limitation in the '231 patent and *what* information allegedly meet the "mobile device transmission profile" and "multimedia data delivery information" limitations of the '575 patent. (Ex. D at 2-3.)

On August 2, 2019, Facebook filed its Motion to Amend Infringement Contentions. (Dkt. 53.) Facebook moved to supplement its infringement contentions for all six of the Asserted Patents with additional information and new infringement theories. (*Id*. at 3-4.) On September 12, 2019, Magistrate Judge Corley heard Facebook's motion, ultimately deciding to grant Facebook leave to amend, but intimating that it would be appropriate for BlackBerry to serve amended invalidity contentions responsive thereto. (*See, e.g.*, Ex. E at 12:14-14:20 ("[W]hat's good for the goose is good for the gander.").) At the hearing, BlackBerry estimated it would need about "three weeks" to amend its invalidity contentions (*id.* at 13:20-25), and Facebook represented it would "[a]bsolutely" stipulate to supplemental invalidity contentions "responsive" to Facebook's supplement. (*Id.* at 14:4-18.)

The parties met and conferred immediately after the hearing to discuss remaining deficiencies in Facebook's contentions. (Tse Decl. ¶ 4.) Facebook agreed to provide additional specificity and details as to, among other things, which SIP channel allegedly meets the "generic signaling interface channel" limitation in the '231 patent, what components allegedly meet the "second data processor" and "second memory" limitations of the '698 patent, and what information allegedly meets the "mobile device transmission profile" limitation of the '575 patent. (Ex. F.) Facebook subsequently served its Second Supplemental Infringement Contentions on September 24, 2019. (Tse Decl. ¶ 6.)

On October 4, 2019, BlackBerry served its proposed Second Supplemental Invalidity Contentions, which contained ten supplementations. (Tse Decl. ¶ 7.) Three of the proposed supplementations are amendments to existing invalidity charts from BlackBerry's initial Invalidity Contentions. (Tse Decl. ¶ 7.) The other seven proposed supplementations are invalidity charts for

prior art references not previously charted.  (Tse Decl. ¶¶ 5, 7.)  At Facebook's request, BlackBerry identified its bases for good cause on October 7 and November 13.  (Ex. G at 7-11, 12.)  The parties met and conferred on December 5, (Tse Decl. ¶ 8,) and Facebook informed BlackBerry the next day that it was only opposed to four of the new invalidity charts for the '432 and '698 patents.  (Ex. G at 4-5.)

## III.    LEGAL STANDARD

Good cause may be found due to "[r]ecent discovery of material, prior art despite earlier diligent search."  Patent L.R. 3-6(b).  The good cause inquiry considers two factors: "(1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer if the motion to amend were granted."  *See, e.g.*, *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 4:16-CV-00119-HSG-KAW, 2018 WL 5619743, at *3 (N.D. Cal. Oct. 29, 2018) (citation and quotation marks omitted); *id.* at *6 (allowing amendments where "the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery").  This Court has also found that it "may retain discretion to grant leave to amend even in absence of diligence as long as there is no prejudice to the opposing party."  *Karl Storz Endoscopy-Am. v. Stryker Corp.*, No. 14-cv-0876-RS (JSC), 2016 WL 7386136, at *3 (N.D. Cal. Dec. 21, 2016).  "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders."  *See, e.g.*, *id.*  A finding of no prejudice, however, moots the Patent Local Rules' concern of "sandbagging opponents late in the discovery period."  *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-3587-WHO, 2014 WL 491745, at *6 (N.D. Cal. Feb. 5, 2014).

## IV.    BLACKBERRY HAS GOOD CAUSE TO SUPPLEMENT ITS INVALIDITY CONTENTIONS IN RESPONSE TO NEW INFRINGEMENT THEORIES

### A.    BlackBerry Diligently Supplemented Its Invalidity Contentions

At the September 12, 2019 hearing on Facebook's motion to amend its infringement contentions, Magistrate Judge Corley intimated that BlackBerry may amend its own contentions in response to Facebook's supplementation.  (Ex. E at 12:14-14:20.)  Accordingly, BlackBerry began diligently analyzing prior art and promptly supplemented its invalidity contentions. (Tse Decl. ¶ 5.)  In particular, BlackBerry received Facebook's operative infringement contentions on September 24,

2019 and promptly provided responsive supplemental invalidity contentions on October 4, 2019. (Tse Decl. ¶¶ 5-7.) Courts in this District have recognized that it is "generally permissible for a party to amend its invalidity contentions in response to the patentee amending its infringement contentions." *See, e.g.*, *Adv. Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-CV-01012-SI, 2017 WL 2774339, at *6 (N.D. Cal. June 26, 2017) (citation and quotation marks omitted).

After serving its Second Supplemental Invalidity Contentions on October 4, BlackBerry further explained its good cause for the supplementation on October 7 and November 13. (Ex. G at 7-11, 12.) The parties met and conferred on December 5 and Facebook informed BlackBerry the next day which prior art it opposed. (Tse Decl. ¶ 8.) In the meantime, BlackBerry diligently supplemented one of its new invalidity charts—directed to a Microsoft prior art system known as "Palladium"— based on recent productions from Microsoft.[1] BlackBerry promptly provided its supplemental Palladium chart to Facebook on December 17, 2019. (*Id.* ¶ 9; see Ex. G at 1 (Facebook opposing BlackBerry's new Palladium chart.).)

The facts therefore show that BlackBerry diligently searched for, found, analyzed, and charted additional prior art references promptly after receiving Facebook's supplemental contentions.

**B.      BlackBerry Did Not Find The New Prior Art Despite Earlier Diligent Search**

Despite BlackBerry's diligent search for prior art for its Patent L.R. 3-3 invalidity contentions, it was unable to identify the prior art at issue in the instant supplemental invalidity contentions. *See, e.g.*, *Fujifilm*, 2014 WL 491745, at *4-5; *Network Protection Scis. v. Fortinet, Inc.*, No. C 12-01106 WHA, 2013 WL 1949051, at *2 ("Unsuccessful prior art searches, standing alone, do not demonstrate an absence of diligence."). Indeed, BlackBerry's prior searching yielded 83 invalidity charts and 160 prior art references that were disclosed in BlackBerry's initial Invalidity Contentions. (Tse Decl. ¶ 2.)

---

[1] BlackBerry previously subpoenaed Microsoft Corp. ("Microsoft") on June 18, 2019 and contacted Microsoft on October 4 and 7 to set up a call for October 14 to discuss whether Microsoft possessed any documents related to the Palladium prior art. (Tse Decl. ¶ 9.) Microsoft agreed to look for documents related to the Palladium prior art. (*Id.*) BlackBerry received Microsoft's productions on November 12 and 27. (*Id.*) BlackBerry served the proposed Palladium chart containing Palladium documents from Microsoft's production on December 17, 2019 but Facebook maintained its objection to the Palladium prior art. (*Id.*)

1    Moreover, the new prior art references opposed by Facebook are not "well-known or otherwise should

2    have been straightforward to discover."  *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-

3    cv-0876-RS (JSC), 2016 WL 2855260, at *5 (N.D. Cal. May 13, 2016) (finding that a prior art cited

4    as a reference in one of the accused infringer's own patents and another prior art that was a parent

5    application of two patent applications that the accused infringer analyzed and charted were insufficient

6    to demonstrate that "the references were so obvious and straightforward to discover that a diligent

7    search necessarily would have revealed them"); *cf. Symantec Corp. v. Acronis Corp.*, No. 11-5310

8    EMC (JSC), 2013 WL 5368053, at *4 (N.D. Cal. Sept. 25, 2013) (finding that the accused infringer

9    could have discovered the prior art that was based on its own products earlier because the release date

10   was posted on the its own website and in several documents already produced by the accused

11   infringer).  Indeed, one of the prior art references—the Palladium prior art system—is based on a

12   historical Microsoft product for which documentation is no longer readily available.  The other three

13   references opposed by Facebook (one prior art publication and two prior art patents) were similarly

14   not "so obvious and straightforward to discovery that a diligent search necessarily would have

15   revealed them"—mainly because they were found in response to the new theories raised in

16   Facebook's supplemental infringement contentions.

17          **C.     Facebook Does Not Oppose A Majority Of BlackBerry's Proposed Second
                     Supplemental Invalidity Contentions**

18          Notably, BlackBerry's proposed supplemental contentions contain ten (10) supplemental and

19   amended prior art charts, but Facebook only opposes four (4) of the charts.  (Ex. G at 4-5.)  Three of

20   the unopposed charts are amendments to existing '231 and '432 patent invalidity charts:  the SIP chart

21   (Ex. I), the U.S. Pat. No. 6,564,261 ("Gudjonsson") chart (Ex. J), and the U.S. Pat. No. 7,225,333

22   ("Peinado") chart (Ex. L).  (Ex. G at 7-9.)  Facebook also does not oppose three supplemental charts

23   for new prior art references for the '575 patent (the "A Video Gateway to Support Video Streaming to

24   Mobile Clients" article ("Meggers") chart (Ex. P), the "The MECCANO Internet Multimedia

25   Conferencing Architecture" article ("MECCANO") chart (Ex. Q), and the "Secure Communication

26   Infrastructure for Mobile Computing" article ("Kawano") chart (Ex. R)), (Ex. G at 4-5, 9-10).

27   Accordingly, the Court should grant leave to amend with respect to at least these six supplemental

28

charts, which are not opposed by Facebook.

### D.   BlackBerry Has Good Cause To Supplement Its Invalidity Contentions

Facebook opposes four (4) of BlackBerry's supplemental invalidity charts:  the "Dyad:  A System for Using Physically Securing Coprocessors" article ("Tygar") chart (Ex. M); the Microsoft Palladium system chart (Ex. N); the U.S. Pat. No. 4,524,415 ("Mills, Jr.") chart (Ex. T); and the U.S. Pat. No. 5,437,033 ("Umeno") chart (Ex. U).  BlackBerry has good cause to amend its invalidity contentions to include these new prior art references.  (Ex. G at 9, 10.)  Facebook alleges lack of diligence in discovering these references earlier, but BlackBerry found these references only in response to Facebook's identification of new infringement theories in its amended infringement contentions.  Moreover, BlackBerry diligently searched for and found these references promptly after the September 12 hearing in which Magistrate Corley indicated she would grant Facebook's motion for leave to amend its infringement contentions and intimated that it would be appropriate for BlackBerry to serve responsive invalidity contentions.

### 1.   BlackBerry has good cause for the '432 patent supplementations

BlackBerry has good cause to amend its invalidity contentions to add the Tygar and Palladium prior art references with respect to the '432 patent.  Facebook has accused BlackBerry's Workspaces product, formerly named Watchdox, of infringing claims 1, 3-6 of the '432 patent.  Facebook's initial infringement theories for the "dedicated security processor" and "validate" limitations, however, either failed to provide sufficient notice or were very different from Facebook's new infringement theories.  For example, Facebook initially alleged that the "dedicated security processor comprises BlackBerry's functionality for validating a requested file, as implemented in hardware and/or software by BlackBerry" without any further specificity.  (Ex. W at 8.)  For the "validate" limitation in claim 1, Facebook appeared to initially accuse "ensur[ing] that the file conversion has completed successfully" (or PDF file conversion) as allegedly meeting the "validate" limitation.  (*Id.*)  As a result, BlackBerry diligently conducted its search for prior art for the '432 patent based on its understanding of Facebook's initial infringement theories but did not uncover the Tygar or Palladium references.

In its First Supplemental Infringement Contentions, Facebook accused for the first time that a WDRM server allegedly satisfied the "dedicated security processor" limitation and that sealing,

securing, or encrypting functionalities allegedly satisfied the "validate" limitation.  (Ex. C; Ex. D at 1-2; Ex. X at 15-16, 26.)  Indeed, Facebook argued its new infringement theories were "based *entirely* on the confidential documents that BlackBerry produced [after the parties' initial contentions]."  (Dkt. 53 at 5-8 (emphasis added).)  Facebook cannot now argue that BlackBerry should have been on notice of how Facebook was reading its asserted claims, or that BlackBerry could have searched for responsive references to theories it was not on notice of.  Rather, BlackBerry diligently searched for prior art based on Facebook's new infringement theories for the '432 patent, found and promptly disclosed the Tygar and Palladium prior art.  (Tse Decl. ¶ 5.)

### 2. BlackBerry has good cause for the '698 patent supplementations

BlackBerry has good cause to amend its invalidity contentions to add the Mills, Jr. and Umeno prior art references for the '698 patent.  Facebook has accused BlackBerry's QNX Neutrino Realtime Operating System ("QNX") of infringing claims 1, 3, and 20 of the '698 patent.  BlackBerry understands that Facebook's current infringement theories are that the High Availability Manager ("HAM") or Guardian data processing functionalities and allocated memory space satisfy the "second data processor" and "second memory" limitations.[2]  Facebook's initial infringement theories, however, appeared to assert separate data processors and memories for the computing platform and monitoring component.  Facebook initially asserted:  "The High Availability Manager in QNX Neutrino RTOS, including in QNX Car, comprises a second data processing functionality and a second memory that is separate and distinct from other data processors and memory . . . ."  (Ex. Z at 44.)  In its First Supplemental Infringement Contentions, Facebook stated for the first time that "[t]he 'second data processor' and 'second memory' are present alternatively including (1) the HAM's data processing functionality and its associated memory, and (2) the Guardian's data processing functionality and its associated memory."  (Ex. BB at 66.)  It further reiterated at the September 12 hearing that the "data processing functionality and associated memory" satisfied the "second data

---

[2] BlackBerry maintains its position that Facebook's Second Supplemental Infringement Contentions are still deficient as to what component of the QNX product allegedly meets the "second data processor" and "second memory" limitations and reserves all rights.

processor" and "second memory" limitations.  (Ex. E at 15:23-16:23.)  Additionally, Facebook asserted for the first time in its First Supplemental Infringement Contentions a doctrine of equivalents ("DOE") theory for the "second data processor" limitation, (Ex. BB at 66), claiming that the software or source code modules performing the data processing functionality satisfy the "second data processor" limitation under its DOE theory.  (Ex. E at 16:25-17:13.)  Courts in this District have found that new DOE allegations expand the scope of a patentee's infringement contentions such that "amendment of [the accused infringer's] invalidity contentions to address this newly asserted scope is proper."  *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 1648175, at \*2 (N.D. Cal. Apr. 23, 2014).

Despite still not fully on notice of what, if anything, Facebook accuses as meeting the claimed second processor and second memory of the '698 patent[3], BlackBerry nevertheless began diligently searching for prior art based on Facebook's new theories.  This led to discovery of the Mills, Jr. and Umeno references, which are directed to virtual processing functionality and virtual memory space—concepts that Facebook first introduced in its supplemental infringement contentions.  (Tse Decl. ¶ 5.)  Accordingly, BlackBerry's identification of the Mills, Jr. and Umeno references is directly responsive to new theories and concepts raised in Facebook's supplemental contentions (including in Facebook's new doctrine of equivalents theories), which BlackBerry could not have anticipated previously.

**E.     Facebook Will Not Be Unduly Prejudiced By BlackBerry's Supplementations**

There is no, let alone undue, prejudice to Facebook from BlackBerry's supplemental and amended contentions.  BlackBerry provided its Second Supplemental Invalidity Contentions to Facebook just a few weeks after receiving Facebook's own supplemental infringement contentions—which is consistent with the estimated timing provided by BlackBerry at the hearing on Facebook's own motion to amend its infringement contentions (Ex. E at 13:20-25).  Moreover, this case is still in its early stages.  A claim construction order issued just last week, and a case management conference

---

[3] Facebook's Second Supplemental Infringement Contentions, for example, seem to allege that "software" meets the data processor limitation and "reserved memory" meets the memory limitation, but the claimed limitations are physical components that Facebook has yet to identify in the accused instrumentalities.

is scheduled for February 7, 2020 (Dkt. 90).  Thus fact and expert discovery deadlines have not been set, and there is no trial date.  *See Karl Storz*, 2016 WL 2855260, at *7.  Accordingly, as BlackBerry's supplementation will not disrupt any deadlines in this case, Facebook will not suffer any prejudice, much less undue prejudice.  *See, e.g.*, *id.* at *3; *Positive Techs.*, 2013 WL 322556, at *4 ("Given the timing of [the defendant's] request, well before the close of discovery and absent any showing of prejudice to [the patentee], the Court finds that amendment here will advance the fair resolution of the parties' issues on the merits.").

## V.      CONCLUSION

For the foregoing reasons, BlackBerry respectfully requests that the Court grant it leave to amend its invalidity contentions with Exhibits H-V attached herein.

1  DATED:  December 19, 2019                QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
2

3

4                                           By  /s/ Iman Lordgooei
                                               Kevin P.B. Johnson (Bar No. 177129)
5                                              kevinjohnson@quinnemanuel.com
                                               Victoria Maroulis (Bar No. 202603)
6                                              victoriamaroulis@quinnemanuel.com
                                               555 Twin Dolphin Drive, 5th Floor
7                                              Redwood Shores, CA 94065
                                               Telephone: (650) 801-5000
8                                              Facsimile: (650) 801-5100

9                                              Jordan R. Jaffe (Bar No. 254886)
10                                             jordanjaffe@quinnemanuel.com
                                               Iman Lordgooei (Bar No. 251320)
11                                             imanlordgooei@quinnemanuel.com
                                               Jonathan Tse (Bar. No. 305468)
12                                             jonathantse@quinnemanuel.com
                                               50 California Street, 22nd Floor
13                                             San Francisco, CA 94111
                                               Telephone: 415-875-6600
14                                             Facsimile: 415-875-6700

15

16                                             James R. Asperger (Bar No. 83188)
                                               jamesasperger@quinnemanuel.com
17                                             Yury Kapgan (Bar No. 218366)
                                               yurykapgan@quinnemanuel.com
18                                             Pushkal Mishra (Bar No. 298695)
                                               pushkalmishra@quinnemanuel.com
19                                             865 S. Figueroa Street, 10th Floor
                                               Los Angeles, CA 90017
20                                             Telephone: (213) 443-3000
                                               Facsimile: (213) 443-3100
21

22                                             Attorneys for Defendants BLACKBERRY
                                               LIMITED and BLACKBERRY CORPORATION
23

24

25

26

27

28