COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
LOWELL D. MEAD (223989)
(lmead@cooley.com)
BENJAMIN S. LIN (232735)
(blin@cooley.com)
MARK A. ZAMBARDA (314808)
(mzambarda@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. CAPLAN (260388)
(mcaplan@cooley.com)
101 California Street
San Francisco, CA  94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br>a Delaware corporation,<br><br>                Plaintiff,<br><br>   v.<br><br>BLACKBERRY LIMITED,<br>a Canadian corporation, and<br>BLACKBERRY CORPORATION,<br>a Delaware corporation,<br><br>                Defendants. | Case No.  4:18-cv-05434-JSW<br><br>**FACEBOOK'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION REGARDING CLAIM CONSTRUCTION RULING PURSUANT TO CIVIL LOCAL RULE 7-9**<br><br>Judge: Hon. Jeffrey S. White |

**NOTICE OF MOTION**

TO THE CLERK OF THE COURT AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Civil Local Rule 7-9, Plaintiff Facebook, Inc. ("Facebook") hereby respectfully moves for leave to file a motion for reconsideration of one ruling in the Court's Claim Construction Order entered on December 13, 2019 (Dkt. 90) ("the Order").

This motion is based upon this Notice, the Memorandum filed concurrently herewith, and all of the documents in the record, along with any further briefing and oral argument as may be presented in connection with this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Facebook respectfully moves for leave to file a motion requesting that the Court reconsider its construction of the term "data network telephone" in U.S. Patent No. 6,744,759 ("the '759 Patent") based on a dispositive portion of the specification that was presented to the Court but not addressed in the Court's Order.

The Court construed "data network telephone" to mean a "<u>fixed</u> communication device with a communications interface for connection to a data network," excluding wireless devices. (Order at 9-12 (underlining added).) The Court reasoned that while Figure 1 of the '759 Patent shows "voice communication devices" that can connect wirelessly, it does not disclose a "data network telephone." (*Id*. at 10-12.)

However, the Court's Order did not address the specification's disclosure that the voice communication device in the Figure 1 embodiment is "<u>the data network telephone</u>," consistent with the fact that Figure 1 shows a "<u>data network telephony system</u>" for making telephone calls. ('759 Patent, 6:50-58 (underlining added).) As a result, the Court reached an incorrect claim construction. Facebook respectfully requests that the Court reconsider its ruling to remove the "fixed" limitation.

**II.   LEGAL STANDARDS**

Under Civil Local Rule 7-9(a), a party may seek leave of Court to file a motion for reconsideration of an interlocutory order on grounds including "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such

interlocutory order." Civil L.R. 7-9(b); *see, e.g., Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, No. C-04-2000 CV, 2007 WL 9752826, at *1 (N.D. Cal. Mar. 15, 2007) (granting leave to file motion for reconsideration); *Forsyth v. HP Inc.*, No. 5:16-cv-04775-EJD, 2018 WL 1174643, at *1 (N.D. Cal. Mar. 6, 2018) ("Because the Court's order only addressed the language in section 13 of the Release Agreements and not section 21, the Court will GRANT Defendants' request for leave.").

### III.   ARGUMENT

The parties disputed whether the claimed "data network telephone" must be a "fixed" device. The Court's tentative ruling correctly rejected the "fixed" limitation. (Dkt. 78 at 5.)

In the final Order, the Court correctly noted that the ordinary meaning of "data network telephone" is "not limited to fixed devices" and encompasses any "telephone that works with a data network." (Order at 9 (citing '759 Patent, 3:23-25).) However, the Court proceeded to determine that the '759 Patent limits the claimed "data network telephone" to "fixed" devices by "implication" because it purportedly "consistently describes a 'data network telephone' as a fixed device" and does not disclose a "data network telephone" connected through a wireless link. (*Id.* at 10-12.)

The Court acknowledged that the specification teaches that a "voice communication device" as shown in Figure 1 of the '759 Patent may communicate over "wireless links." (Order at 11, n.4 (quoting '759 Patent, 6:35-40).)  However, the Court apparently determined that the voice communication devices shown in Figure 1 are not examples of a "data network telephone" and reasoned that "'a voice communication device' is broader than a data network telephone." (*Id.*)

The Court's reasoning did not address the fact that the '759 Patent explicitly describes that the voice communication device in Figure 1 is, indeed, a data network telephone. Specifically, the Brief Description of the Drawings states that Figure 1 shows "a <u>data network telephony system</u> for providing telephony and enhanced telephony services in accordance with <u>embodiments of the present invention</u>." ('759 Patent, 3:54-57 (underlining added); *see also* 5:5-11 ("FIG. 1 is a block diagram showing an example of a system **100** for <u>providing telephony services according to preferred embodiments of the present invention</u>") (underlining added).) Figure 1 shows a "first voice communication device **108***a*" and a "second voice communication device **108***b*." (*Id.*, 5:8-13, Fig. 1.) In Figure 1, both of the voice communication devices are depicted as telephones; one of them is expressly labeled a "telephone"

(item **108***b*) and the other is labeled a "voice communication device" (item **108***a*).  Figure 1 is reproduced below for reference with yellow highlighting added.



The specification confirms that each voice communication device shown in Figure 1 is a "data network telephone": "One advantage of the data network telephony system **100** in FIG. 1 is that a user may begin making telephone calls by connecting the data network telephone to the access network." ('759 Patent, 6:50-58 (underlining added).)  Thus, users can make "telephone calls" over "the data network telephony system" shown in Figure 1 by connecting "the data network telephone" as shown in Figure 1 to an access network.

Respectfully, it appears that BlackBerry's argument that the term "voice communication

device" is broader than the term "data network telephone" may have caused the Court to overlook the fact that both voice communication devices shown in Figure 1 are data network telephones. It is true that the term "voice communication device" by itself, outside the context of the '759 Patent, is broader than the term "data network telephone" (for example, walkie-talkies and megaphones are voice communication devices). However, the dispositive point is that both voice communication devices in the "data network telephony system" shown in Figure 1 are data network telephones. Those data network telephones may connect to access networks in various ways, including over "wireless links." ('759 Patent, 6:27-40.) Thus, the patent discloses a "data network telephone" that connects through a wireless link and does not "consistently describe[] a 'data network telephone' as a fixed device" as stated in the Order. (Order at 10-11.) *Medtronic, Inc. v. W.L. Gore & Assocs., Inc.*, No. 06-cv-04455-JSW, 2007 WL 4249920, at *1-2 (N.D. Cal. Nov. 30, 2007) (concluding "upon further review of the claims and the specification" that the "prior construction was incorrect" and granting motion for reconsideration); *Duncan Parking Techs., Inc. v. IPS Grp., Inc.*, 914 F.3d 1347, 1364 (Fed. Cir. 2019) (a claim construction that excludes a preferred embodiment is "rarely, if ever, correct and would require highly persuasive evidentiary support.").[1]

Facebook presented this disclosure to the Court prior to the Court's claim construction ruling. (Dkt. 49 at 6:3-6, 6:24-26, 7:16-23; Dkt. 58 at 5:12-24.) However, the Order does not cite or address it. Facebook respectfully requests leave to seek reconsideration of the Court's ruling to remove the "fixed" limitation from the Court's construction accordingly. Civ. L.R. 7-9(a).

---

[1] The Court also reasoned that if the claimed "data network telephone" encompasses wireless devices, it would expand the claims "beyond what the inventors likely considered themselves to have invented." (Order at 12.) In fact, however, the inventors told the world in their patent specification that their invention can broadly use "any device having voice communication capabilities" for making telephone calls over the data network in the Figure 1 data network telephony system, including through "wireless links." ('759 Patent, 6:20-40.)

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: January 9, 2020 | COOLEY LLP |
| 3 | | |
| 4 | | /s/ *Heidi L. Keefe* |
| 5 | | HEIDI L. KEEFE (178960) (hkeefe@cooley.com) |
| | | MARK R. WEINSTEIN (193043) |
| 6 | | (mweinstein@cooley.com) MATTHEW J. BRIGHAM (191428) |
| 7 | | (mbrigham@cooley.com) LOWELL D. MEAD (223989) |
| 8 | | (lmead@cooley.com) BENJAMIN S. LIN (232735) |
| 9 | | (blin@cooley.com) MARK A. ZAMBARDA (314808) |
| 10 | | (mzambarda@cooley.com) 3175 Hanover Street |
| 11 | | Palo Alto, CA  94304-1130 Telephone:   (650) 843-5000 |
| 12 | | Facsimile:     (650) 849-7400 |
| 13 | | COOLEY LLP |
| 14 | | MICHAEL G. RHODES (116127) (rhodesmg@cooley.com) |
| 15 | | MATTHEW D. CAPLAN (260388) (mcaplan@cooley.com) |
| 16 | | 101 California Street San Francisco, CA  94111-5800 |
| 17 | | Telephone:   (415) 693-2000 Facsimile:     (415) 693-2222 |
| 18 | | |
| 19 | | Attorneys for Plaintiff FACEBOOK, INC. |