1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FACEBOOK, INC.,

                    Plaintiff,

        v.

BLACKBERRY LIMITED,
et al.,

                    Defendants.

Case No.  4:18-cv-05434-JSW

**ORDER DENYING FACEBOOK'S
MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION**

Re: Dkt. No. 98

Plaintiff Facebook, Inc. ("Facebook") requests leave from the Court to file a Motion for
Reconsideration under Local Rule 7-9.  Facebook argues that the Court erred in construing "data
network telephone" as found in U.S. Patent No. 6,744,759 ("the '759 Patent") to mean "a fixed
communication device with a communications interface for connection to a data network" in its
Claim Construction Order (ECF # 90).

Under Local Rule 7-9, Facebook must show reasonable diligence in bringing the motion,
and one of the following:

(1)     That at the time of the motion for leave, a material difference in fact or law exists
        from that which was presented to the Court before entry of the interlocutory order
        for which reconsideration is sought.  They party also must show that in the exercise
        of reasonable diligence the party applying for reconsideration did not know such
        fact or law at the time of the interlocutory order; or

(2)     The emergence of new material facts or a change of law occurring after the time of
        such order; or

(3)     A manifest failure by the Court to consider material facts or dispositive legal
        arguments which were presented to the Court before such interlocutory order.

1

United States District Court
Northern District of California

1    Facebook does not contend that Local Rule 7-9(b)(1) or (2) applies.  Instead, Facebook

2  argues that the Court failed to consider "material facts" or "dispositive legal arguments" under

3  Local Rule 9-2(b)(3) by not mentioning certain disclosures related to Figure 1 of the '759 Patent.

4  Facebook has been diligent in bringing its motion; the Court issued its Order on December 13,

5  2019, and Facebook filed the motion requesting leave on January 9, 2020.

6    However, Facebook has failed to show that the Court overlooked material facts or legal

7  arguments.  As Facebook acknowledges, the Court considered the disclosure in the '759 Patent

8  specification that the "voice communication device" shown in Figure 1 may communicate using

9  "wireless links" (and therefore may not be a fixed device).  (*See* Dkt. No. 98 ("Mot.") at 2:15-17.)

10  Facebook also acknowledges that the Court did not find this disclosure dispositive because a

11  "voice communication device" is broader than a "data network telephone," as used in the '759

12  Patent.  (*Id.* at 2:17-19.)  Facebook now argues that certain additional disclosures demonstrate that

13  the "voice communication devices" in Figure 1 are actually "data network telephones."

14    The Court is not persuaded.  Facebook points out that the specification describes Figure 1

15  as a "data network telephony system" and "a system [] for providing telephony services according

16  to preferred embodiments of the present invention" according to the "embodiments of the present

17  invention."  ('759 Patent, 3:54-57, 5:5-11.)  That is true enough.  Figure 1 shows a system for

18  providing telephony service through a data network.  (*See id.*, Fig. 1.)  Although the system uses

19  "voice communication devices" instead of "data network telephones," the former encompasses the

20  latter and is not inconsistent with the claims.  Contrary to Facebook's suggestion, the words

21  "present invention" need not describe every detail of the invention.  *See Unwired Planet, LLC v.*

22  *Apple Inc.*, 829 F.3d 1353, 1358 (Fed. Cir. 2016).  The specification here makes clear that Figure

23  1 shows the preferred embodiment for the "system for providing telephony services," not the "data

24  network telephone."[1]  ('759 Patent, 3:54-57, 5:5-11.)

25    Facebook further argues that Figure 1 labels the second "voice communication device" as a

26

27

28

---

[1] Facebook appears to assume that a data network telephony system necessarily includes data network telephones.  It provides no evidence for this assumption, and the specification suggests that other types of devices may be used.  (*See* '759 Patent, 5:29-31, 6:20-24.)

"telephone." (*Id.*, Fig. 1.) But it does not argue that a "telephone" is coextensive with a "data network telephone" or that the former term's description applies to the latter. Facebook then points out that the specification states: "[o]ne advantage of the data network telephony system 100 in FIG. 1 is that a user may begin making telephone calls by connecting the data network telephone to the access network." (*Id.*, 6:50-58.) The Court detects no inconsistency. By setting up a data network telephony system as shown in Figure 1, the invention may well benefit from connecting a data network telephone to it. This does not indicate that the preferred data network telephony system is limited to connecting such telephones.

Facebook claims that the Court's interpretation of "voice communication device" comes from "outside the context of the '759 Patent," but that is not correct. The definition comes directly from the specification, which states that "the voice communication device [] may include *any* device having voice communications capabilities." ('759 Patent, 6:20-22 (emphasis added).) By defining a "voice communication device" broadly, the specification makes clear that the term "data network telephone" means something narrower. Any interpretation equating "voice communication devices" and "data network telephones" would conflate two terms that the patentee deliberately distinguished using different words. Moreover, an interpretation that equates "voice communication devices" with "data network telephones" would capture PSTN phones (as devices capable of voice communication), which both parties agree should be excluded from the definition of "data network telephone." (*See* Dkt. No. 96 ("Tr.") at 49:15-19, 57:14-21.)

Accordingly, the Court **DENIES** Facebook's motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated:    January 13, 2020

_____
JEFFREY S. WHITE
United States District Judge