| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>James R. Asperger (Bar No. 83188)<br>jamesasperger@quinnemanuel.com<br>Yury Kapgan (Bar No. 218366)<br>yurykapgan@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>Jordan R. Jaffe (Bar No. 254886)<br>jordanjaffe@quinnemanuel.com<br>Iman Lordgooei (Bar No. 251320)<br>imanlordgooei@quinnemanuel.com<br>Jonathan Tse (Bar No. 305468)<br>jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Attorneys for Defendants<br>BLACKBERRY LIMITED and<br>BLACKBERRY CORPORATION | COOLEY LLP<br>HEIDI L. KEEFE (178960)<br>(hkeefe@cooley.com)<br>MARK R. WEINSTEIN (193043)<br>(mweinstein@cooley.com)<br>MATTHEW J. BRIGHAM (191428)<br>(mbrigham@cooley.com)<br>LOWELL D. MEAD (223989)<br>(lmead@cooley.com)<br>BENJAMIN S. LIN (232735)<br>(blin@cooley.com)<br>MARK A. ZAMBARDA (314808)<br>(mzambarda@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br><br>MICHAEL G. RHODES (116127)<br>(rhodesmg@cooley.com)<br>MATTHEW D. CAPLAN (260388)<br>(mcaplan@cooley.com)<br>101 California Street<br>San Francisco, CA  94111-5800<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br>Attorneys for Plaintiff<br>FACEBOOK, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FACEBOOK, INC.<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>BLACKBERRY LIMITED,<br>and BLACKBERRY CORPORATION<br><br>    Defendants and Counterclaimants. | CASE NO. 4:18-CV-05434-JSW<br><br>**SECOND JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:  February 28, 2020<br>Time:  11:00 a.m.<br>Courtroom:  Courtroom 5, 2nd Floor<br>Judge:  Honorable Jeffrey S. White |

Plaintiff Facebook, Inc. ("Facebook") and Defendants BlackBerry Limited and BlackBerry Corporation (collectively, "BlackBerry") (collectively, with Facebook, the "Parties") jointly submit this Second Joint Case Management Statement and Proposed Order pursuant to paragraph 13 of the Court's Patent Standing Order and the December 13, 2019 Claim Construction Order (Dkt. 90).

1. **Certification of *Markman* Order for Immediate Appeal to the Federal Circuit**

The Parties do not wish to certify the Court's claim construction rulings for immediate appeal to the Federal Circuit. This is without waiver of any party's right to ultimately appeal the Court's Order.

2. **Filing and Timing of Dispositive Motions**

   a.   **Facebook's Position**

Facebook does not expect to file any dispositive motions until after the completion of discovery in accordance with the case schedule proposed in Exhibit A submitted herewith.

BlackBerry's proposed early summary judgment motion on the issue of infringement would be premature, and any associated stay of discovery would be improper, in view of extensive outstanding relevant technical discovery that BlackBerry has not yet provided, including Rule 30(b)(6) deposition testimony on numerous topics that Facebook identified in January 2020 as well as deficient technical document production and written discovery responses on issues relating to infringement.[1]

With respect to BlackBerry's reference to a potential motion to stay pending *inter partes* review ("IPR"), there are currently no instituted IPR proceedings on any of the six patents-in-suit. For each petition challenging the patents-in-suit, Facebook filed a preliminary response explaining in detail why the petition fails to demonstrate invalidity. BlackBerry's request for a "conditional stay" pending IPR institution decisions is improper and should be denied.

There is also no basis for BlackBerry's proposal to delay trial until September 2021, more than *three years* after Facebook filed this action on September 4, 2018. The Court issued its claim construction order on December 13, 2019. The case should proceed through the completion of post-*Markman* discovery toward trial on the merits. Facebook reasonably proposes to schedule trial for

---

[1] Facebook maintains that BlackBerry infringes the asserted patents for the reasons set forth in Facebook's infringement contentions and discussed further in correspondence with BlackBerry.

October 2020, which is already more than two years after the filing of this case.

### b. BlackBerry's Position

Dispositive motions in this case should be timed so that they trail the final resolution of *inter partes* review ("IPR") proceedings currently pending before the U.S. Patent & Trademark Office, including any appeals. On October 10, 2019, BlackBerry filed a Notice of Filing of Petitions for *Inter Partes* Review of Facebook's Patents-in-Suit (Dkt. 77). As indicated in the Notice, BlackBerry filed IPR petitions against each one of the asserted claims of the patents-in-suit, and now expects institution decisions to issue by March 19, 2020 for three of the patents-in-suit and by April 2, 2020 for the remaining three patents-in-suit. Accordingly, BlackBerry anticipates seeking a motion to stay sometime in the next 4-6 weeks in the event IPRs are instituted on one or more of the patents-in-suit.

Additionally, in view of the brief period of time until institution decisions are issued for the IPR petitions, BlackBerry respectfully requests that the Court issue a conditional stay pending those institution decisions and resolution of the prospective motion to stay pending IPRs. As noted, the institution decisions will issue by March 19 and April 2, 2020 at the latest, which are just a few weeks after the instant Case Management Conference. If instituted, the IPRs stand to simplify the issues in this case and streamline the trial, as one or more asserted claims of the patents-in-suit may be invalidated, and the scope of prior art that may be presented at trial may be narrowed under 35 U.S.C. § 315(e). Additionally, this case has not progressed significantly enough for a stay to be disfavored (much less a conditional stay of a few weeks), as no dates have been set for trial or the close of fact or expert discovery. Nor would a brief conditional stay unduly prejudice Facebook or present a clear tactical advantage for BlackBerry. Once institution decisions are entered, BlackBerry proposes that the Court consider a full motion to stay pending *inter partes* review.

Additionally, issues of non-infringement for one or more of the asserted patents are ripe for early determination by the Court and, therefore, BlackBerry also requests leave to file an early motion for summary judgment of non-infringement.[2] To the extent the Court declines to grant a stay of this

---

[2] In particular, Facebook cannot prove that the accused products infringe the asserted claims of at least U.S. Patent Nos. 7,228,432 ("'432 Patent"), 7,302,698 ("'698 Patent"), 7,567,575 ("'575 Patent"), 6,744,759 ("'759 Patent"), and 8,429,231 ("'231 Patent"). BlackBerry will set forth the

action pending IPRs, then BlackBerry requests that the early motion be filed four (4) weeks after a decision on the motion to stay pending IPRs, according to the briefing schedule set forth in Exhibit A. Should the Court grant a stay pending IPRs, however, then BlackBerry requests that the parties revisit the timing of the early motion for summary judgment and the effect of the IPRs following a lifting of the stay.  Moreover, in order to avoid unnecessary expenditure of the parties' and Court's resources, BlackBerry also requests that the action be stayed pending resolution of the early dispositive motion.

Should the Court deny BlackBerry's requests for a conditional stay pending IPR institution decisions, a stay pending IPR (in the event that IPRs are instituted), or leave to file an early dispositive motion on non-infringement and stay pending resolution thereof, BlackBerry has proposed an alternative schedule for the filing and timing of dispositive motions as set forth in Exhibit A.

3. **Anticipated Post-Claim Construction Discovery**

   a. **Facebook's Position**

   Facebook expects to complete fact and expert discovery on issues relating to the parties' claims and defenses, including discovery in support of Facebook's infringement and damages claims and discovery relating to BlackBerry's defenses and counterclaims.  The fact discovery Facebook expects to obtain from BlackBerry and potentially from third-parties includes document production, written discovery, and corporate and individual fact witness depositions on subject matters including technical and damages-related issues.

   With respect to damages-related disclosures that BlackBerry references, Facebook has committed that it will provide supplemental disclosures three weeks after completion of certain relevant damages-related discovery from BlackBerry that currently remains deficient.

   b. **BlackBerry's Position**

   To the extent the case is not stayed, BlackBerry anticipates post-claim construction discovery will include discovery from Facebook regarding its infringement theories, alleged validity of its

---

bases for non-infringement in more detail if the Court orders briefing, but in short, there is no infringement of the '432 Patent because Facebook cannot identify "a dedicated security processor," the '698 Patent because Facebook cannot identify "a second data processor" or "a second memory," the '575 Patent because Facebook cannot identify a "mobile device transmission profile," the '759 Patent because Facebook cannot identify a "data network telephone," or the '231 Patent because Facebook cannot identify a "generic signaling interface channel."

asserted patents, and its damages allegations. In particular, BlackBerry anticipates pursuing information regarding Facebook's damages theories with specificity, including an identification and explanation of the factual and legal bases for Facebook's damages theories, and an estimate of the alleged damages Facebook seeks in this action—none of which Facebook has provided to date, despite its obligations to answer interrogatories under Fed. R. Civ. P. 33 and to provide damages contentions under Patent L.R. 3-8. BlackBerry also anticipates serving email discovery requests to Facebook custodians relating to, *inter alia*, Facebook's business valuation and decisions to purchase each one of the patents-in-suit from various third parties, and following up on outstanding document production requests relating to the same and other issues. BlackBerry has also served third-party subpoenas and deposition notices to prior artists as well as entities from whom Facebook acquired the patents-in-suit, and anticipates serving additional deposition notices during fact discovery, including Rule 30(b)(6) deposition notices on Facebook.

**4. Willful Infringement and Bifurcation**

There are currently no allegations of willful infringement in this action. Accordingly, the Parties do not anticipate the need to bifurcate the trial into liability and damages phases.

**5. Other Pretrial Matters**

The Parties anticipate pre-trial evidentiary objections, *e.g.*, motions *in limine*, would aid the Court and the parties with an efficient trial. The Parties propose that the timing of the motions *in limine*, in addition to submission of pretrial order, final pretrial conference, and trial be determined by the Court.

**6. Progress of Settlement Discussions**

The instant litigation is one of a plurality of disputes being litigated between the Parties. In particular, the Parties are also engaged in *BlackBerry Limited v. Facebook, Inc., et al.*, No. 2:18-cv-01844-GW-KSx (C.D. Cal.), *BlackBerry Limited v. Facebook, Inc., et al.*, No. 2020-1256 (Fed. Cir.), over a dozen U.S.P.T.O. *inter partes* review proceedings, and litigation in Germany. The Parties have engaged in mediation and discussed settlement of the broader dispute between them as part of the required ADR procedures in the Central District of California, and are keeping an open dialogue regarding opportunities to settle the parties overarching dispute. There is no other formal ADR

1 process scheduled at this time.

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: February 21, 2020 | COOLEY LLP |
| 3 | | /s/ *Heidi L. Keefe* |
| 4 | | HEIDI L. KEEFE (178960) (hkeefe@cooley.com) |
| 5 | | MARK R. WEINSTEIN (193043) (mweinstein@cooley.com) |
| 6 | | MATTHEW J. BRIGHAM (191428) (mbrigham@cooley.com) |
| 7 | | LOWELL D. MEAD (223989) (lmead@cooley.com) |
| 8 | | BENJAMIN S. LIN (232735) (blin@cooley.com) |
| 9 | | MARK A. ZAMBARDA (314808) (mzambarda@cooley.com) |
| 10 | | 3175 Hanover Street Palo Alto, CA  94304-1130 |
| 11 | | Telephone:    (650) 843-5000 Facsimile:     (650) 849-7400 |
| 12 | | |
| 13 | | COOLEY LLP MICHAEL G. RHODES (116127) |
| 14 | | (rhodesmg@cooley.com) MATTHEW D. CAPLAN (260388) |
| 15 | | (mcaplan@cooley.com) 101 California Street |
| 16 | | San Francisco, CA  94111-5800 Telephone:    (415) 693-2000 |
| 17 | | Facsimile:     (415) 693-2222 |
| 18 | | Attorneys for Plaintiff, FACEBOOK, INC. |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Iman Lordgooei*

James R. Asperger (Bar No. 83188)
jamesasperger@quinnemanuel.com
Yury Kapgan (Bar No. 218366)
yurykapgan@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jordan R. Jaffe (Bar No. 254886)
jordanjaffe@quinnemanuel.com
Iman Lordgooei (Bar No. 251320)
imanlordgooei@quinnemanuel.com
Jonathan Tse (Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendants, BLACKBERRY LIMITED and BLACKBERRY CORPORATION

**CASE MANAGEMENT ORDER**

The Second Joint Case Management Order and Proposed Order, including the dates not stricken out in the Proposed Schedule set forth as Exhibit A, is hereby adopted by the Court, and the Parties are ordered to comply with the Order.

Dated: _____

_____
Hon. Jeffrey S. White
United States District Judge

**ATTESTATION OF CONCURRENCE**

I, Heidi Keefe, am the ECF user whose ID and password are being used to file this **SECOND JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**.  Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated:  February 21, 2020

                                            */s/ Heidi L. Keefe*
                                            Heidi L. Keefe

**EXHIBIT A**

| Event | Facebook Proposed Dates for Case Schedule | BlackBerry Proposed Dates for Case Schedule |
|---|---|---|
| Early Motion for Summary Judgment of Non-Infringement / Motion to Stay Pending IPR | n/a | Four (4) weeks after decision on whether to stay the case pending IPRs (assuming no stay); or some period of time after a stay pending IPRs is lifted (assuming a stay) |
| Opposition to Early Motion for Summary Judgment of Non-Infringement / Motion to Stay Pending IPR | n/a | Two (2) weeks after filing of opening brief |
| Reply to Early Motion for Summary Judgment of Non-Infringement / Motion to Stay Pending IPR | n/a | One (1) week after filing of opposition brief |
| Hearing on Early Motion for Summary Judgment of Non-Infringement / Motion to Stay Pending IPR | n/a | At such time that is convenient for the Court |
| Complete Fact Discovery | May 14, 2020 | January 10, 2021[3] |
| Opening Expert Reports on Issues For Which a Party Bears the Burden of Proof | May 28, 2020 | February 5, 2021 |
| Rebuttal Expert Reports | June 18, 2020 | February 26, 2021 |
| Complete Expert Discovery | July 2, 2020 | March 26, 2021 |
| Deadline for Dispositive Motions (including *Daubert*) | July 9, 2020 | April 16, 2021 |
| Opposition to Dispositive Motions (including *Daubert*) | July 30, 2020 | May 7, 2021 |

---

[3] BlackBerry proposes the following dates from close of fact discovery through trial should the Court deny BlackBerry's request to stay the case pending resolution of early dispositive motions and/or a stay pending resolution of pending petitions for *inter partes* review of the patents-in-suit.

| Event | Facebook Proposed Dates for Case Schedule | BlackBerry Proposed Dates for Case Schedule |
|---|---|---|
| Reply to Dispositive Motions (including *Daubert*) | August 6, 2020 | May 21, 2021 |
| Hearing on Dispositive Motions (including *Daubert*) | TBD week of August 31, 2020 | June 2021 on a day that is convenient for the Court |
| Deadline for Motions *in Limine*, Submission of Pretrial Order | TBD September 2020 | August 6, 2021 |
| Pre-trial Conference | TBD September 2020 | September 13, 2021, 2:00 p.m. |
| Jury Selection | TBD October 2020 | September 15, 2021, 8:00 a.m. |
| Trial | TBD October 2020 | September 20, 2021, 8:00 a.m. |